# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, and JOHN EIVINS, on Behalf of Themselves and Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>IOWA BOARD OF REGENTS,<br><br>        Defendant. | CASE NO.:  19-81<br><br><br><br><br>**LOCAL RULE 81(a) REMOVAL<br>INFORMATION FORM** |

Defendant Iowa Board of Regents ("BOR"), hereby submits the information required by Local Rule 81(a) in connection with its removal of this case to federal court:

1.      All process, pleadings, and orders filed in the state court proceeding are attached hereto.  These materials include:

> **Original Notice**
> **Class Action Petition**
> **Return of Original Notice**
> **Answer and Affirmative Defenses**
> **Notice of Civil Trial Setting Conference**
> **Application for Admission Pro Hac Vice**
> **Application for Admission Pro Hac Vice**
> **Order granting leave to practice**
> **Plaintiffs' Unopposed Motion to Amend Class Action Petition**
> **Amended Class Action Petition**
> **Order granting leave to amend**
> **Order Resetting Trial Scheduling Conference**

2.      There are no known matters pending before the Iowa District Court that will require resolution by this Court, other than the claims asserted by the plaintiffs.

3.    The following attorneys for plaintiff have appeared in the state court action:

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Ste. 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
Lichten @ Liss-Riordan, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
hlichten@llrlaw.com
bjweber@llrlaw.com

4.    The following attorney for defendant has appeared in the state court action in connection with filing an Answer and Affirmative Defenses and filing the Notice of Removal as required by 28 U.S.C. § 1446(d):

Andrew T. Tice (AT0007968)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611
(515) 243-2149 (fax)
atice@ahlerslaw.com

/s/ Andrew T. Tice
Andrew Tice  (AT0007968)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
Telephone:  (515) 243-7611
Facsimile:  (515) 243-2149
atice@ahlerslaw.com
ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS

**Electronically filed and served:**

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Ste. 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
Lichten @ Liss-Riordan, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
hlichten@llrlaw.com
bjweber@llrlaw.com

ATTORNEYS FOR PLAINTIFF

01644519-1\14722-494

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: _October 25, 2019_ | | | |
| By: | ☐ U.S. Mail | ☐ | Fax |
| | ☐ Hand delivery | ☐ | Private Carrier |
| | ☒ Electronically (*via CM/ECF*) | ☐ | E-mail |
| Signature: | */s/ Pam Norelius* | | |

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

MELINDA MYERS, BARBARA
STANERSON, and JOHN EIVINS,
on Behalf of Themselves and Others
Similarly Situated,

   Plaintiffs,

  vs.

IOWA BOARD OF REGENTS,

   Defendant.

NO. _____

ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT:

   You are hereby notified that a Petition and Jury Demand has been filed in the office of the clerk of this court naming you as the Respondents in this action.  A copy of the petition (and any documents filed with it) is attached to this notice.  The attorney for the Petitioner is Nathan Willems of Rush & Nicholson, P.L.C., whose address is P. O. Box 637, Cedar Rapids, IA  52406-0637.  The attorneys' phone number is (319) 363-5209; facsimile number (319) 363-6664.

   You must serve a motion or answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk for Johnson County, at the county courthouse in Johnson County, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

   If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 319-398-3920 ext. 1105.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

           CLERK OF THE ABOVE COURT
           Johnson County Courthouse
           Iowa City, Iowa

### IMPORTANT

   YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

# STATE OF IOWA JUDICIARY

*Case No.*  LACV081138

*County*   Johnson

*Case Title*   MELINDA MYERS, ET AL., VS. IOWA BOARD OF REGENTS

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*   08/19/2019 03:48:28 PM



*District Clerk of*  Johnson                          *County*

/s/ Maria Montes de Oca

## IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, and JOHN EIVINS, on Behalf of Themselves and Others Similarly Situated,  ) ) ) ) ) | NO. _____ |
| Plaintiffs,  ) ) | CLASS ACTION PETITION |
| vs.  ) ) | |
| IOWA BOARD OF REGENTS,  ) ) | |
| Defendant.  ) | |

## I.   INTRODUCTION

Plaintiffs are employees who provide healthcare at the University of Iowa Hospitals and Clinics ("UIHC").[1] Plaintiffs and the other health care providers at UIHC are paid a salary on a monthly basis.  In addition to their base salary, the health care professionals earned "adjustments" for working extra hours, working night or overnight shifts, working weekends, or working overtime beyond their scheduled hours.  However, UIHC maintains a policy and practice of not paying these adjustments in the pay period when they are earned or within twelve days thereafter as required by Iowa law.  Instead, these health care workers are routinely not paid their wage "adjustments" until one or two months after the period in which they were earned.

Pursuant to the Iowa Wage Payment and Collection Law ("IWPCL"), an employer is required to pay all wages earned within twelve days, excluding Sundays and legal holidays, "after the end of the period in which the wages were earned."  Iowa Code Chapter 91A.3(1).  UIHC, however, routinely fails to pay the health care workers their

---

[1] The pay practices referenced in this lawsuit are applicable to a bargaining unit working at the UIHC that consists primarily of staff nurses but also includes other job titles such as physical therapists, lab technicians, occupational therapists, and physician's assistants.

wage "adjustments" in a timely manner pursuant to Iowa Code Chapter 91A.3(1). Plaintiffs, therefore, file this Class Action Petition on behalf of themselves and all others similarly situated, against the Iowa Board of Regents, for failure to pay wages in a timely manner in violation of the IWPCL.

## II.   JURISDICTION AND VENUE

1.   This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A.

2.   This Petition is not based upon federal law or any federal question.  No claim for relief is made under federal law.

3.   Pursuant to Iowa Code § 617.3 venue is proper in Johnson County because the Plaintiffs have performed their work for Defendant in Johnson County.

## III.   PARTIES

4.   Plaintiff Melinda Myers is a resident of Linn County, Iowa.  Myers is currently employed as a staff nurse at UIHC.

5.   Plaintiff Barbara Stanerson is a resident of Johnson County, Iowa. Stanerson is currently employed as a physical therapist at UIHC.

6.   Plaintiff John Eivins is a resident of Iowa County, Iowa.  Eivins is currently employed as a staff nurse at UIHC.

7.   Plaintiffs, within the past two years, have been employees of University of Iowa Hospitals and Clinics within the definition of "employee" in Iowa Code § 91A.2.

8.   Defendant Iowa Board of Regents is a government or governmental subdivision or agency which operates a hospital and clinics at the University of Iowa ("UIHC").

9.      UIHC is an "employer" within the definition of Iowa Code § 91A.2.

## IV.    BACKGROUND

10.     Plaintiffs and those similarly situated have worked as health care providers at UIHC at several locations in eastern Iowa.

11.     Defendant pays these health care workers a monthly base salary as well as certain additional wages called "adjustments."

12.     The UIHC health care providers in this case earn wage adjustments for things such as hours worked beyond a scheduled shift, working the night shift, working overnight, working during a weekend, and shifts that are beyond their regular schedule. They also are entitled to overtime pay (time and a half) when the health care provider works more than 240 hours in a six-week period.

13.     Defendant pays these health care workers on the first of each month for the work performed the prior month.  The health care workers receive a monthly base salary of one-twelfth of the of their annual base salary.

14.     Defendant, however, has a policy for the payment of "adjustments" which results in the wage "adjustments" not being paid to the workers until much later.

15.     For example, on May 6, 2019, Plaintiff Melinda Myers, a staff nurse, worked an additional three hours beyond her regularly scheduled shift at the direction of Defendant.  In addition to her regular pay, Myers earned and was owed an additional $17.48 premium per extra hour.

16.     The pay period for the work performed by Myers in May ended on May 31, 2019.

17.     Pursuant to Defendant's schedule for "adjustments," however, Myers did not receive her "adjustment" of an additional $17.48 per extra hour for the work performed on May 6, 2019, until August 1, 2019, 87 days after she worked those extra hours and 62 days after the May pay period in which she earned the "adjustment."

18.     Thus, Defendant failed to pay Myers' "adjustment" within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

19.     As another example, Plaintiff Stanerson, a physical therapist, worked an extra shift on December 21, 2018, and earned wages of approximately $425.41 for working the extra eight-hour shift.  The pay period for work performed in December 2018 ended on December 31, 2018.  Stanerson, however, was not paid her "adjustment wage" until February 1, 2019, which was 42 days after she worked the extra shift and 32 days after the December 2018 pay period ended.

20.     Thus, Defendant failed to pay Stanerson's "adjustment" within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

21.     Defendant has engaged in the practice described in the preceding paragraph willfully and intentionally, and for all putative class members in this case.

## V.     CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Class identified below.

23.     The Class consists of all former, current and future health care providers who have worked at UIHC within the past two years of the date of filing of this Petition,

4

and who were subject to the policy described above of not being paid their earned wage adjustments within twelve days of the pay period in which it was earned.

24. Plaintiffs, as employees who have not been paid in a timely manner consistent with Iowa Code § 91A.3, are representative of an ascertainable class that is comprised of employees working on behalf of Defendant in Iowa.

25. Upon information and belief, the membership of the Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

26. The Class is so numerous that joinder of all members is impracticable.

27. There are questions of law and facts common to each member of the Class. Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime, extra time, shift premiums or other adjustments violates the IWPCL, § 91A.3.

28. Plaintiffs' claims are typical of the claims of absent members of the Class.

29. Plaintiffs' claims also fairly encompass the claims of absent members of the Class. Moreover, Plaintiffs and absent members of the Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff.

30. It is further appropriate to proceed with this action on behalf of the Class members because:

a. A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

b.      The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

c.      As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

d.      The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

e.      The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

31.     Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

## COUNT I

### VIOLATION OF IWPCL, § 91A.2, § 91A.3

32.     Plaintiffs incorporate by reference paragraphs 1 through 31 of this Class Action Petition as if fully set forth herein.

33.     By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.3.

34.     Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court enter the following relief:

1.     An order permitting this litigation to proceed as a class action pursuant to Iowa Rule of Civil Procedure 1.262;

2.     An order of judgment in favor of Plaintiffs and others similarly situated awarding them liquidated damages for the untimely payment of wages;

3.     An award of attorney's fees, costs, and interest;

4.     Injunctive and declaratory relief requiring Defendant to comply with the IWPCL and cease its illegal practices;

5.     Any other relief to which Plaintiffs and the Class members may be entitled.


/s/ Nathan Willems
NATHAN WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P. O. Box 637
Cedar Rapids, IA  52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com

Harold Lichten (*pro hac vice* admission anticipated)
Benjamin J. Weber (*pro hac vice* admission anticipated)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bjweber@llrlaw.com

ATTORNEYS FOR PLAINTIFFS

E-FILED  2019 AUG 27 11:42 AM JOHNSON - CLERK OF DISTRICT COURT

**POLK COUNTY SHERIFF'S OFFICE**                    *SHERIFF KEVIN J. SCHNEIDER*

Civil Division | 222 – 5ᵗʰ Avenue Des Moines, IA, 50309          Sheriff's Office (515) 286-3940 | Fax (515) 286-3410

# RETURN OF SERVICE
### In the IA District Court for JOHNSON COUNTY COURT

| MELINDA MYERS | VS | IOWA BOARD OF REGENTS |
|---|---|---|

Sheriff #: 19031971
Case #: LACV081138
Received: 8/22/2019

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X Original Notice/Petition CLASS ACTION

On: 8/26/2019 10:39:00 AM
To: IOWA BOARD OF REGENTSby delivering a copy to AIMEE CLAEYS
      a person at least 18 years of age described as ATTORNEY
Manner Served: SUBSTITUTE
Address of Service: 11260 Aurora Ave, Urbandale, IA 50322
Notes:

**Attempts**

Date: 8/26/2019 10:39:00 AM
Address: 11260 Aurora Ave, Urbandale, IA 50322
Note:

| FEES | | |
|---|---|---|
| | Total: $45.08 | **Kevin J Schneider, Sheriff of Polk County, Iowa** |
| | | |
| | | Deputy/Server: Darrin Selby |

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, and JOHN EIVINS, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>IOWA BOARD OF REGENTS,<br><br>Defendant. | CASE NO.: LACV081138<br><br><br><br>**ANSWER and AFFIRMATIVE DEFENSES** |

COME NOW, Defendant Iowa Board of Regents and for its Answer to Plaintiffs' Petition and Affirmative Defenses, states:

### I.    INTRODUCTION

**Response:    Plaintiff's narrative introduction does not include individualized allegations for which a responsive answer may be provided.  As such, no responsive pleading would be required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the statements made within Plaintiff's narrative introduction without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

### II.    JURISDICTION AND VENUE

1.    This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A.

**Response:    With regard to paragraph 1, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the**

E-FILED  2019 SEP 13 1:28 PM JOHNSON - CLERK OF DISTRICT COURT

allegations in paragraph 1 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.

2.      This Petition is not based upon federal law or any federal question.  No claim for relief is made under federal law.

**Response:      With regard to paragraph 2, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.   As such, no responsive pleading is required.   To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

3.      Pursuant to Iowa Code § 617.3 venue is proper in Johnson County because the Plaintiffs have performed their work for Defendant in Johnson County.

**Response:      Denied.**

### III.    PARTIES

4.      Plaintiff Melinda Myers is a resident of Linn County, Iowa.  Myers is currently employed as a staff nurse at UIHC.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

5.      Plaintiff Barbara Stanerson is a resident of Johnson County, Iowa.  Stanerson is currently employed as a physical therapist at UIHC.

2

**Response:**      **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

6.      Plaintiff John Eivins is a resident of Iowa County, Iowa.  Eivins is currently employed as a staff nurse at UIHC.

**Response:**      **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

7.      Plaintiffs, within the past two years, have been employees of University of Iowa Hospitals and Clinics within the definition of "employee" in Iowa Code § 91A.2.

**Response:**      **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

8.      Defendant Iowa Board of Regents is a government or governmental subdivision or agency which operates a hospital and clinics at the University of Iowa ("UIHC").

**Response:**      **It is admitted that Iowa Board of Regents is a governmental entity created pursuant to Iowa Code Chapter 262 that governs the University of Iowa Hospitals and Clinics.  The remainder of Paragraph 8 is denied.**

9.      UIHC is an "employer" within the definition of Iowa Code § 91A.2.

**Response:**      **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

## IV.    BACKGROUND

10.    Plaintiffs and those similarly situated have worked as health care providers at UIHC at several locations in eastern Iowa.

**Response:    Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

11.    Defendant pays these health care workers a monthly base salary as well as certain additional wages called "adjustments.".

**Response:    It is admitted that certain employees at the University of Iowa Hospitals & Clinics receive monthly base salary wages and other pay.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

12.    The UIHC health care providers in this case earn wage adjustments for things such as hours worked beyond a scheduled shift, working the night shift, working overnight, working during a weekend, and shifts that are beyond their regular schedule.  They also are entitled to overtime pay (time and a half) when the health care provider works more than 240 hours in a six-week period.

**Response:    Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

4

13.     Defendant pays these health care workers on the first of each month for the work performed the prior month.  The health care workers receive a monthly base salary of one-twelfth of the of their annual base salary.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

14.     Defendant, however, has a policy for the payment of "adjustments" which results in the wage "adjustments" not being paid to the workers until much later.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

15.     For example, on May 6, 2019, Plaintiff Melinda Myers, a staff nurse, worked an additional three hours beyond her regularly scheduled shift at the direction of Defendant.  In addition to her regular pay, Myers earned and was owed an additional $17.48 premium per extra hour.

**Response:     It is admitted Plaintiff Melinda Myers was paid for attending education on site for 3 hours on May 6, 2019.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

16.     The pay period for the work performed by Myers in May ended on May 31, 2019.

5

E-FILED  2019 SEP 13 1:28 PM JOHNSON - CLERK OF DISTRICT COURT

**Response:**     **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

17.     Pursuant to Defendant's schedule for "adjustments," however, Myers did not receive her "adjustment" of an additional $17.48 per extra hour for the work performed on May 6, 2019, until August 1, 2019, 87 days after she worked those extra hours and 62 days after the May pay period in which she earned the "adjustment."

**Response:**     **It is admitted that Plaintiff Myers received a payment of $52.43 on August 1, 2019.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

18.     Thus, Defendant failed to pay Myers' "adjustment" within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

**Response:**     **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

19.     As another example, Plaintiff Stanerson, a physical therapist, worked an extra shift on December 21, 2018, and earned wages of approximately $425.41 for working the extra eight-hour shift.  The pay period for work performed in December 2018 ended on December 31, 2018. Stanerson, however, was not paid her "adjustment wage" until February 1, 2019, which was 42 days after she worked the extra shift and 32 days after the December 2018 pay period ended.

6

**Response:**    It is admitted Plaintiff Stanerson was paid for patient care for 8 hours on December 21, 2018.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.

20.    Thus, Defendant failed to pay Stanerson's "adjustment" within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

**Response:**    Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.

21.    Defendant has engaged in the practice described in the preceding paragraph willfully and intentionally, and for all putative class members in this case.

**Response:    Denied.**

## V.    CLASS ACTION ALLEGATIONS

22.    Plaintiffs bring this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Class identified below.

**Response:**    With regard to paragraph 22, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.

7

23.     The Class consists of all former, current and future health care providers who have worked at UIHC within the past two years of the date of filing of this Petition, and who were subject to the policy described above of not being paid their earned wage adjustments within twelve days of the pay period in which it was earned.

**Response:     With regard to paragraph 23, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.   As such, no responsive pleading is required.   To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

24.     Plaintiffs, as employees who have not been paid in a timely manner consistent with Iowa Code § 91A.3, are representative of an ascertainable class that is comprised of employees working on behalf of Defendant in Iowa.

**Response:     Denied.**

25.     Upon information and belief, the membership of the Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

26.     The Class is so numerous that joinder of all members is impracticable.

**Response:**     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.

27.     There are questions of law and facts common to each member of the Class.  Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime, extra time, shift premiums or other adjustments violates the IWPCL, § 91A.3.

**Response:     Denied.**

28.     Plaintiffs' claims are typical of the claims of absent members of the Class.

**Response:     Denied.**

29.     Plaintiffs' claims also fairly encompass the claims of absent members of the Class. Moreover, Plaintiffs and absent members of the Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff.

**Response:     Denied.**

30.     It is further appropriate to proceed with this action on behalf of the Class members because:

a.     A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

b.     The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

9

c.      As a practical matter, adjudications with respect to the individual members of the

Class would be dispositive of the interests of other members not parties to the

adjudications, and/or would substantially impair or impede their ability to protect their

interests;

d.      The Defendant, by enacting pay policies generally applicable to all of its nursing

staff, has on grounds generally applicable to the Class, rendering class judgment

appropriate to the Class as a whole; and

e.      The questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members, and a class action is superior to

other available methods for the fair and efficient adjudication of this action.

**Response:      Denied.**

31.      Plaintiffs have retained lawyers who are experienced litigators with substantial

experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to

advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or**

**falsity of the allegations contained in paragraph 31 of Plaintiffs' petition without the benefit**

**of further discovery, and therefore denies the same and demands strict proof thereof.**

## COUNT I

### VIOLATION OF IWPCL, § 91A.2, § 91A.3

32.      Plaintiffs incorporate by reference paragraphs 1 through 31 of this Class Action

Petition as if fully set forth herein.

**Response:      Defendant hereby incorporates in full the responses to paragraphs 1-**

**31 as if fully set forth herein.**

33.     By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.3.

**Response:     Denied.**

34.     Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

**Response:     Denied.**

WHEREFORE, Defendant Iowa Board of Regents respectfully requests Plaintiffs' Petition be dismissed in its entirety with costs assessed to Plaintiffs and such other relief as the Court deems appropriate.

## FURTHER ANSWERS AND AFFIRMATIVE DEFENSES

1.     Plaintiffs' Petition fails to state a claim upon which relief can be granted.

2.     Plaintiffs cannot establish the necessary prerequisites for class treatment.

3.     Plaintiffs are not proper class representatives.

4.     Plaintiffs' claims would be limited or barred, in whole or in part, by the applicable statute of limitations.

5.     Any violation of the Iowa Wage Payment Act was unintentional.

6.     Plaintiffs have not sustained legally recognizable or awardable damages.

7.     Plaintiffs' claims are barred or limited by the doctrines of laches, estoppel, and waiver.

8.     Defendant reserves the right to amend this pleading to assert additional defenses upon discovery of specific facts upon which Plaintiffs bases their claim for relief and upon completion of discovery.

WHEREFORE, Defendant Iowa Board of Regents requests that Plaintiffs' Petition be dismissed and the costs of this action taxed to Plaintiffs.

/s/ Andrew T. Tice
Andrew Tice  (AT0007968)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
Telephone:  (515) 243-7611
Facsimile:  (515) 243-2149
atice@ahlerslaw.com
ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS

**Electronically filed and served:**

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Ste. 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
nate@rushnicholson.com
ATTORNEYS FOR PLAINTIFF

01631185-1\14722-494

| CERTIFICATE OF SERVICE | | |
|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: September 13, 2019 | | |

By: ☐ U.S. Mail       ☐ Fax

   ☐ Hand delivery    ☐ Private Carrier

   ☒ Electronically (via CM/ECF)   ☐ E-mail

Signature:   /s/ Pam Norelius

12

E-FILED  2019 SEP 16 11:43 AM JOHNSON - CLERK OF DISTRICT COURT

IOWA DISTRICT COURT IN AND FOR JOHNSON  COUNTY

| | |
|---|---|
| JOHN LEE EIVINS<br>MELINDA J MYERS<br>BARBARA S STANERSON<br><br>Plaintiff(s)<br><br>VS.<br><br>IOWA BOARD OF REGENTS<br>Defendant(s) | CASE NO: 06521  LACV081138<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 10/22/2019 at 9:30 AM at the Johnson County Courthouse, Iowa City, Iowa.**
This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**By TELEPHONE with the conference call to be initiated by Plaintiff(s).  The court administrator shall be connected to the call at 319-356-6070, Ext. 3313.**

Attorneys for all parties appearing in the case shall participate at this conference.  A party will participate in person if the party does not have an attorney.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

E-FILED  2019 SEP 16 11:43 AM JOHNSON - CLERK OF DISTRICT COURT

Dated 09/16/19

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED  2019 SEP 16 11:43 AM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Case Number**
LACV081138
**Type:**

**Case Title**
MELINDA MYERS, ET AL., VS. IOWA BOARD OF REGENTS
ORDER FOR TRIAL SCHEDULING CONFERENCE

So Ordered

*Alissa Kron*

Alissa Kron, Court Attendant,
Sixth Judicial District of Iowa

Electronically signed on 2019-09-16 11:43:29

**Rule 31.25—Form 1:** *Application for Admission Pro Hac Vice--District Court*

| **Iowa District Court for** JOHNSON | **County** |
|---|---|
| *County where your case is filed* | |

| MELINDA MYERS et al | Case no. LACV081138 |
|---|---|
| | **Application for Admission Pro Hac Vice--District Court** |
| **Plaintiff(s)** | Iowa Court Rule 31.14 |
| *Full name: first, middle, last* | |
| vs. | |
| IOWA BOARD OF REGENTS | |
| | |
| **Defendant(s)** | |
| *Full name: first, middle, last* | |

1. **Application**

    The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
    *Applicant must complete all of the following:*
    If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below?  ☐ Yes  ☐ No
    *If yes, attach copies of all related documents.*

    a. Applicant's full name, residential address, email address, and business address.

    | Benjamin J. Weber | bjweber@llrlaw.com | | |
    |---|---|---|---|
    | *Full name: first, middle, last* | *Email address* | | |
    | 729 Boylston St, Suite 2000 | Boston | MA | 02116 |
    | *Mailing address* | *City* | *State* | *ZIP code* |
    | 729 Boylston St, Suite 2000 | Boston | MA | 02116 |
    | *Business address* | *City* | *State* | *ZIP code* |

    b. The name, address, and telephone number of each client to be represented.

    Plaintiffs Melinda Myers, Barbara Stanerson and John Eivins, on behalf of themselves and all others similarly situated.

    c. The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.

    State of Massachusetts - admitted 12/12/2008          First Circuit Court of Appeals - admitted 10/22/2014
    District of Massachusetts - admitted 12/18/2012        Third Circuit Court of Appeals - admitted 6/19/19
    Western District of New York - admitted 6/9/2017
    State of Tennessee - admitted 11/3/2005
    Middle District of Tennessee - admitted 1/26/2006

    d. Has the applicant ever been denied admission pro hac vice in this state?

    ☐ Yes  ☒ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

e.  Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes  ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

f.  Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?  ☐ Yes  ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

g.  Has the applicant ever been formally disciplined or sanctioned by any court in this state?  ☐ Yes  ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

h.  Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?  ☐ Yes  ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

i.  Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?  ☐ Yes  ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such proceedings, the date the proceedings was initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings. Attach copies of all related documents.*

j.  Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?  ☐ Yes  ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made. Attach copies of all related documents.*

k.  Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?  ☐ Yes  ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings. Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.  Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?  ☐ Yes  ☒ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.*

m.  The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice.  ☒ Yes  ☐ No

n.  List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Nate Willems | AT0009260 | nate@rushnicholson.com | |
|---|---|---|---|
| *Lawyer's name* | *PIN* | *Email address* | |
| P.O. Box 637 | Cedar Rapids | IA | 52406 |
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o.  The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant.  ☒ Yes  ☐ No

p.  If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q.  On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r.  Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application?  ☒ Yes  ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, Benjamin J. Weber_____, have read this Application, and I certify under
   *Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is
true and correct.

| September | 20 | , 20 19 | _~~signature~~_ |
|---|---|---|---|
| *Signed on: Month* | *Day* | *Year* | *Your signature\** |

| 729 Boylston St, Suite 2000 | Boston | MA | 02116 |
|---|---|---|---|
| *Mailing address* | *City* | *State* | *ZIP code* |

| ( 617 ) 994-5800 | bjweber@llrlaw.com | |
|---|---|---|
| *Telephone number* | *Email address* | *Additional email address, if applicable* |

\* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

### Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

Andrew Tice
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309

on the 20_____ day of September__, 20 19____
                        *Month*           *Year*

by ☐ Personal delivery    ☒ Deposit in the U.S. mail

_~~signature~~_
*Signature of server*

E-FILED  2019 SEP 20 1:55 PM JOHNSON - CLERK OF DISTRICT COURT

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*

| Iowa District Court for JOHNSON County |
|---|
| *County where your case is filed* |

| MELINDA MYERS et al | Case no. LACV081138 |
|---|---|
| | **Application for Admission Pro Hac Vice--District Court** |
| **Plaintiff(s)** | Iowa Court Rule 31.14 |
| *Full name: first, middle, last* | |
| vs. | |
| IOWA BOARD OF REGENTS | |
| **Defendant(s)** | |
| *Full name: first, middle, last* | |

1. **Application**

   The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
   *Applicant must complete all of the following:*
   If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below? ☐ Yes ☐ No
   *If yes, attach copies of all related documents.*

   a. Applicant's full name, residential address, email address, and business address.

   | Harold L. Lichten | hlichten@llrlaw.com | | |
   |---|---|---|---|
   | *Full name: first, middle, last* | *Email address* | | |
   | 729 Boylston St, Suite 2000 | Boston | MA | 02116 |
   | *Mailing address* | *City* | *State* | *ZIP code* |
   | 729 Boylston St, Suite 2000 | Boston | MA | 02116 |
   | *Business address* | *City* | *State* | *ZIP code* |

   b. The name, address, and telephone number of each client to be represented.

   Plaintiffs Melinda Myers, Barbara Stanerson and John Eivins, on behalf of themselves and all others similarly situated.

   c. The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.

   See Attachment 1.

   d. Has the applicant ever been denied admission pro hac vice in this state?

   ☐ Yes ☒ No

E-FILED  2019 SEP 20 1:55 PM JOHNSON - CLERK OF DISTRICT COURT

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

e.   Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

f.   Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

g.   Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

h.   Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

i.   Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such proceedings, the date the proceedings was initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings. Attach copies of all related documents.*

j.   Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes   ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made. Attach copies of all related documents.*

k.   Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings. Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.   Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☐ Yes   ☒ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

> *If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.*

m. The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice.  ☒ Yes  ☐ No

n. List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Nate Willems | AT0009260 | nate@rushnicholson.com | |
|---|---|---|---|
| *Lawyer's name* | *PIN* | *Email address* | |
| P.O. Box 637 | Cedar Rapids | IA | 52406 |
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o. The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant.  ☒ Yes  ☐ No

p. If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q. On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r. Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application?  ☒ Yes  ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, Harold L. Lichten_____, have read this Application, and I certify under
*Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is
true and correct.

September _____ 20 _____, 20 19 _____
*Signed on:   Month      Day      Year      Your signature***

729 Boylston St, Suite 2000 _____ Boston _____ MA ___ 02116
*Mailing address*                    *City*                 *State*   *ZIP code*

( 617 ___ ) 994-5800 ____ hlichten@llrlaw.com _____ courth@llrlaw.com _____
*Telephone number*        *Email address*          *Additional email address, if applicable*

* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

## Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

Andrew Tice
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309

on the 20 _____ day of September ____, 20 19 ____
                                *Month*        *Year*

by ☐ Personal delivery    ☒ Deposit in the U.S. mail

_____
*Signature of server*

## ATTACHMENT 1

Attorney Lichten is admitted in the below-listed courts. Additionally, he is admitted and inactive in the State of Maine and has not practiced there actively for over 25 years. He is also no longer admitted to the State of New York as he has not practiced there actively for more than 35 years and has not certified that he has completed required continuing education credits.

| Court | Date Admitted |
|---|---|
| District of Colorado | 8/25/2017 |
| District of Maine | 5/1/1978 |
| District of Massachusetts | 4/1/1986 |
| State of Massachusetts | 4/15/1987 |
| Eastern District of Michigan | 9/4/2012 |
| Western District of New York | 6/9/2017 |
| United States Supreme Court | 10/31/2016 |
| Eastern District of Wisconsin | 9/18/2015 |
| 1st Circuit Court of Appeals | 2/13/1981 |
| 3rd Circuit Court of Appeals | 4/4/2013 |
| 4th Circuit Court of Appeals | 4/29/2013 |
| 6th Circuit Court of Appeals | 7/6/2017 |
| 7th Circuit Court of Appeals | 9/11/2015 |
| 9th Circuit Court of Appeals | 11/15/2017 |
| 11th Circuit Court of Appeals | 5/25/2012 |

E-FILED  2019 OCT 03 9:23 AM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

JOHN LEE EIVINS
MELINDA J MYERS
BARBARA S STANERSON

CASE NO.  06521  LACV081138

Plaintiff(s),

ORDER

vs.

Dated:  10/03/2019

IOWA BOARD OF REGENTS

Defendant(s).

On this date, the Applications for Admission Pro Hac Vice--District Court, filed by Attorney Nathan Willems on behalf of Attorneys Benjamin J. Weber and Harold L. Lichten, came before the undersigned for review. The Court finds the Applications are unresisted, and are in compliance with the requirements of Iowa Court Rule 31.14. Therefore, the Applications should be and are granted. Attorneys Benjamin J. Weber and Harold L. Lichten are granted leave to practice in the Johnson County District Court for the purposes of this case, only. Attorney Nathan Willems shall serve as local counsel.

Clerk to notify.

E-FILED  2019 OCT 03 9:23 AM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Case Number**
LACV081138
**Type:**

**Case Title**
MELINDA MYERS, ET AL., VS. IOWA BOARD OF REGENTS
Other Order

So Ordered



Kevin McKeever, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2019-10-03 09:23:53

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, and JOHN EIVINS, on Behalf of Themselves and Others, Similarly Situated, | NO. LACV081138 |
| Plaintiffs, | PLAINTIFFS' UNOPPOSED MOTION TO AMEND CLASS ACTION PETITION |
| vs. | |
| IOWA BOARD OF REGENTS, | |
| Defendant. | |

This class action lawsuit was brought by health care providers who work at the

University of Iowa Hospitals and Clinics ("UIHC") as nurses and other related jobs and

who are paid their base wages on a monthly basis.  Plaintiffs and the class they seek to

represent are also entitled to additional wages for, among other things, working extra

hours, working night or overnight shifts, and working weekends.  While Plaintiffs and

those similarly situated health care providers receive their base wages at the end of

each pay period, UIHC does not pay the additional earned wages until a month or more

after the payday following the pay period in which they were earned.  Plaintiffs allege in

the petition that UIHC's pay practices violate the Iowa Wage Payment and Collection

Law ("IWPCL"), which requires an employer to pay all wages earned within twelve days,

excluding Sundays and legal holidays, "after the end of the period in which the wages

were earned."  Iowa Code Chapter 91A.3(1).

Plaintiffs now file this unopposed motion to amend the petition pursuant to Iowa

Rule of Civil Procedure 1.402(4).  As explained below, Plaintiffs seek leave to amend

the petition to add three named Plaintiffs – Liv Kelly-Sellnau, Christopher Taylor, and

Shuna Tosa – and two claims that also arise from UIHC's practice of delaying payments

of earned wages to its employees. The new plaintiffs and claims would add two related, but somewhat different claims, all challenging UIHC's failure to pay Plaintiffs' wages within the time periods prescribed by law.  The first is UIHC's failure to pay all wages due upon an individual's termination from employment and the second, which relates to overtime eligible blue collar workers, concerns the failure to pay required overtime in a timely fashion under Federal and state law.  Pursuant to Iowa Rule of Civil Procedure 1.402(4), "[l]eave to amend  . . . shall be freely given when justice so requires."  As explained below, there is no cause for denying Plaintiffs leave to amend the petition now and, moreover, Defendant UIHC does not oppose the proposed amendments.  Thus, the Court should grant Plaintiffs' motion.

## ARGUMENT

When ruling a motion to amend a complaint, the Iowa Supreme Court has held that "amendments should be the rule and denial should be the exception."[1]  Baker v. City of Iowa City, 867 N.W.2d 44, 51 (Iowa 2015).  "Moreover, amendments can be made at any stage of the litigation, even at trial in certain circumstances."  Keyes v. State, 899 N.W.2d 740 (Iowa Ct. App. 2017) (citing Baker, 867 N.W.2d at 51).

Since filing this lawsuit, on August 19, 2019, additional UIHC employees have come forward with complaints about pay practices of UIHC similar to those challenged in the petition which result in the late payment earned wages.  Pursuant to Iowa Code Chapter 91A.4, an employer must "pay all wages earned… by the employee up to the time of the… termination not later than the next regular payday."  UIHC, however, does

---

[1] Amendments should be granted "so long as the amendment does not substantially change the issues in the case" or "if the opposing party is not prejudiced or unfairly surprised" by the substantial change. Baker, 867 N.W.2d at 51.

2

not pay its employees their earned vacation and sick pay on the pay day following their termination, but pays such amounts one or two months after the next regular payday. This is exactly what happened to Liv Kelly-Sellnau, who worked as an advanced registered nurse practitioner at UIHC and terminated her employment on April 21, 2019, but did not receive her earned vacation pay until June 1, 2019.  Accordingly, Plaintiffs now seek to add Sellnau as a named Plaintiff and a class action claim on behalf of all UIHC health care providers for failure to pay earned wages timely following termination in violation of Iowa Code Chapter 91A.4.  See Proposed Am. Class Action Petition at Count II.

Furthermore, blue collar employees of UIHC, such as custodians, are paid an overtime premium when they work more than 40 hours in a week.  UIHC, however, does not pay these blue-collar workers their overtime premiums on the next regular pay day in violation of both the IWPCL, § 91A.3 and the Fair Labor Standards Act. Accordingly, Plaintiffs now seek to amend the petition to add Christopher Taylor and Shuna Tosa, who worked for UIHC as custodians and were not paid their overtime pay in a timely manner as named Plaintiffs and to add a count for failure to pay overtime timely pursuant to the IWPCL and the FLSA.  See Proposed Am. Class Action Petition at Count III.

There is simply no cause for denying Plaintiffs leave to amend.  There has been no undue delay here and Defendant will experience no prejudice if the proposed amendments are made to the petition, and indeed UIHC has assented to this motion. There has been no schedule issued in this case and the parties have not yet begun

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

discovery.[2]  Indeed, the parties' scheduling conference is set for October 22, 2019.

Moreover, Plaintiffs have sought to amend the petition as soon practicable.[3]

## CONCLUSION

For the reasons stated above, and in light of Defendant's assent, the Court

should grant Plaintiffs' leave to file the Proposed Amended Class Action Petition

attached hereto as Exhibit A.

---

[2] Undue prejudice usually requires a showing that the proposed amendment was filed after the close of discovery. See, e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004); Carlson v. Northrop Grumman Corp., 2014 WL 5334038, at *4 (N.D. Ill. Oct. 20, 2014) ("common thread in the finding of undue prejudice among Defendants' cited cases is the addition of entirely new claims, after the close of discovery, and long after the pertinent facts were known to the moving party"); Peterson for estates of Lancelot Inv'rs Fund, L.P. v. Eide Bailly LLP, 2013 WL 12322622, at *3 (N.D. Ill. Dec. 5, 2013) ("Delay and undue prejudice are often apparent after the close of discovery when the defendant has, in reliance on any theories pleaded in the complaint, incurred the costs of developing evidence and moved for summary judgment.").

[3] Moreover, Plaintiffs' motion is timely since the Court has not set any deadlines for amending the petition or adding parties.

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

Respectfully submitted,

PLAINTIFFS MELINDA MYERS, BARBARA
STANERSON, JOHN EIVINS, LIV KELLY-
SELLNAU, CHRISTOPHER TAYLOR, and
SHUNA TOSA on Behalf of Themselves and
Others Similarly Situated

By their attorneys,

/s/ Nathan Willems
NATHAN WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P. O. Box 637
Cedar Rapids, IA  52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bjweber@llrlaw.com

Copy to:

Andrew Tice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document was served upon
counsel of record for each party to the action on October 7, 2019, by:

 X  Electronically via EDMS for EDMS registrants
___ U.S. Mail                    ___ Fax
___ Hand Delivered               ___ Overnight Courier
___ Certified Mail               ___ Other _____

/s/ Linda J. Dean

5

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA on Behalf of Themselves and Others, Similarly Situated )))))))) | NO. LACV081138 AMENDED CLASS ACTION PETITION |
| Plaintiffs, )) | |
| vs. )) | |
| IOWA BOARD OF REGENTS, )) | |
| Defendant. )) | |

## I.    INTRODUCTION

Plaintiffs Melinda Myers, Barbara Stanerson, John Eivins, and Liv Kelly-Sellnau

are employees who provide healthcare at the University of Iowa Hospitals and Clinics

("UIHC").[1]  Plaintiffs and the other health care providers at UIHC are paid a salary on a

monthly basis.  In addition to their base salary, the health care professionals earned

additional wages for, among other things, working extra hours, working night or

overnight shifts, working weekends, or working beyond their scheduled hours.

However, UIHC maintains a policy and practice of not paying these additional wages on

at the end of the pay period in which they are earned or within twelve days thereafter as

required by Iowa law.  Instead, these health care workers are routinely not paid their

wages until one or two months after the period in which they were earned.  Additionally,

when health care providers' employment is terminated, UIHC fails to pay all wages

earned, including vacation pay, on the next regular payday.

---

[1] The pay practices referenced in this lawsuit are applicable to a bargaining unit working at UIHC that consists primarily of staff nurses but also includes other job titles such as physical therapists, lab technicians, occupational therapists, and physician's assistants.

EXHIBIT

A

Furthermore, UIHC employs blue-collar workers, such as custodians, that it has classified as eligible for overtime pay.  Plaintiffs Christopher Taylor and Shuna Tosa, who worked for UIHC as custodians, and other employees UIHC has classified as overtime-eligible, earn overtime pay when they work more than 40 hours a week. UIHC, however, fails to timely pay the overtime-eligible employees their overtime pay. Rather, UIHC does not pay overtime-eligible employees their overtime pay for as long as 40 days after the overtime was due and payable.  This practice violates both Federal and Iowa state law.

Pursuant to the Iowa Wage Payment and Collection Law ("IWPCL"), an employer is required to pay all wages earned within twelve days, excluding Sundays and legal holidays, "after the end of the period in which the wages were earned."  Iowa Code Chapter 91A.3(1).  UIHC fails to pay its health care workers their wages in a timely manner in violation of Iowa Code Chapter 91A.3(1).  In addition, UIHC fails to pay employees it has classified as overtime eligible, such as custodians, overtime pay in a timely manner in violation of Iowa Code Chapter 91A.3(1) and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  Plaintiffs, therefore, file this Class Action Petition on behalf of themselves and all others similarly situated, against the Iowa Board of Regents, for failure to pay earned wages and overtime pay in a timely manner in violation of the IWPCL and the FLSA.

In addition, an employer in Iowa must "pay all wages earned… by the employee up to the time of the… termination not later than the next regular payday."  Iowa Code Chapter 91A.4.  UIHC, however, has a practice of failing to pay terminated employees all of their wages earned, including vacation pay, on the next regular pay day in violation

2

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

of Iowa Code Chapter 91A.4.  Plaintiffs, therefore, further file this Class Action Petition against the Iowa Board of Regents on behalf of themselves and another class for failure to pay terminated employees all wages earned in a timely manner in violation of the IWPCL.

## III.   PARTIES

1.    Plaintiff Melinda Myers is a resident of Linn County, Iowa.  Myers is currently employed as a staff nurse at UIHC.

2.    Plaintiff Barbara Stanerson is a resident of Johnson County, Iowa. Stanerson is currently employed as a physical therapist at UIHC.

3.    Plaintiff John Eivins is a resident of Iowa County, Iowa.  Eivins is currently employed as a staff nurse at UIHC.

4.    Plaintiff Liv Kelly-Sellnau is a resident of Linn County, Iowa.  Sellnau was formerly employed as an advanced registered nurse practitioner at UIHC until approximately April 21, 2019.

5.    Plaintiff Christopher Taylor is a resident of Washington County, Iowa. Taylor was formerly employed as a custodian at UIHC

6.    Plaintiff Shuna Tosa is a resident of Linn County, Iowa.  Tosa is employed as a custodian at UIHC.

7.    Plaintiffs, within the past two years, have been employees of University of Iowa Hospitals and Clinics within the definition of "employee" in Iowa Code § 91A.2.

8.    Defendant Iowa Board of Regents is a government or governmental subdivision or agency which operates a hospital and clinics at the University of Iowa ("UIHC").

3

9.     UIHC is an "employer" within the definition of Iowa Code § 91A.2.

## II.    JURISDICTION AND VENUE

1.     This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A, as well as, general jurisdiction over Plaintiffs' federal claim.

2.     Pursuant to Iowa Code § 617.3 venue is proper in Johnson County because the Plaintiffs have performed their work for Defendant in Johnson County.

## IV.    BACKGROUND

3.     Plaintiffs and those similarly situated have worked at UIHC at several locations in eastern Iowa.

4.     Defendant pays these health care workers a monthly base salary as well as certain additional wages.

5.     In addition to their base wages, UIHC health care providers in this case earn wages for things such as hours worked beyond a scheduled shift, working the night shift, working overnight, working during a weekend, and shifts that are beyond their regular schedule. They also are entitled to overtime pay (time and a half) when the health care provider works more than 240 hours in a six-week period.

6.     Defendant pays these health care workers on the first of each month for the work performed the prior month.  The health care workers receive a monthly base salary of one-twelfth of the of their annual base salary.

7.     Defendant, however, has a policy for the payment of additional wages which results in the wages not being paid to the workers until much later.

8.     For example, on May 6, 2019, Plaintiff Melinda Myers, a staff nurse, worked an additional three hours beyond her regularly scheduled shift at the direction of

4

Defendant.  In addition to her regular pay, Myers earned and was owed an additional $17.48 premium per extra hour.

9.      The pay period for the work performed by Myers in May ended on May 31, 2019.

10.      Pursuant to Defendant's schedule, however, Myers did not receive her additional $17.48 per extra hour for the work performed on May 6, 2019, until August 1, 2019, 87 days after she worked those extra hours and 62 days after the May pay period in which she earned these wages.

11.      Thus, Defendant failed to pay Myers' wages within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

12.      As another example, Plaintiff Stanerson, a physical therapist, worked an extra shift on December 21, 2018, and earned wages of approximately $425.41 for working the extra eight-hour shift.  The pay period for work performed in December 2018 ended on December 31, 2018.  Stanerson, however, was not paid her wages until February 1, 2019, which was 42 days after she worked the extra shift and 32 days after the December 2018 pay period ended.

13.      Thus, Defendant failed to pay Stanerson's full wages within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

14.      In addition, Defendant has a policy for payment of wages earned to terminated employees which results in terminated employees failing to receive all earned wages on the next regular payday.

5

15.     As an example, Plaintiff Sellnau, a nurse practitioner, had her last day of employment at UIHC on or about April 21, 2019.  The termination of her employment thus took place during the pay period for work performed in April 2019 ending on April 30, 2019.  Sellnau, however, did not receive her earned vacation pay on the next regular payday on May 1, 2019.  Instead, Sellnau received her accrued vacation pay  on June 1, 2019, which was 31 days after the April 2019 pay period ended.

16.     Thus, Defendant failed to pay Sellnau's wages earned at time of termination by the next regular payday in violation of §91A.4 of the IWPCL.

17.     Defendant also employs workers that it has classified as non-exempt from overtime, such as custodians.  These non-exempt employees earn overtime pay when they work more than 40 hours in a workweek.  Defendant, however, has a policy for payment of overtime wages earned by non-exempt employees which results in non-exempt employees failing to receive their overtime pay on the next regular payday.  Non-exempt employees may also be paid shift differential wages and these wages are also not paid on the next regular payday.

18.     Plaintiff Shuna Tosa is employed by Defendant as a custodian and was classified as non-exempt from overtime.  When Tosa works more than 40 hours in a workweek, in addition to her base hourly rate, she earns a one-half overtime premium for each hour over 40.  On the following regular payday, however, Defendant only pays Tosa her base rate for her work during the pay period.  Tosa is not paid her overtime pay until the following payday, well more than 30 days after the overtime is worked..

19.     For example, during the workweek from May 6 to May 12, 2018, Tosa worked 59 hours.  She was paid her base rate for working 40 hours that week on June

6

1, 2018.  She was not paid for her 19 hours of overtime work, however, until July 1, 2018

20.    Thus, Defendant fails to pay Tosa's overtime pay within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

21.    Defendant has engaged in the practices described in the preceding paragraphs willfully and intentionally, and for all putative class members in this case.

## V.    CLASS ACTION ALLEGATIONS

22.    Plaintiffs bring this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Classes identified below.

23.    Plaintiffs bring Count I of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers who have worked at UIHC within the past two years of the date of filing of the original Petition, and who were subject to the policy described above of not being paid their earned wages within twelve days of the pay period in which it was earned.  This class will be referred to herein as the "Wages Class."

24.    Plaintiffs bring Count II of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers who have worked at UIHC who did not receive their accrued vacation on the next regular payday after terminating their employment.  This class will be referred to herein as the "Termination Pay Class."

25.    Plaintiffs bring Count III of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 and as a collective action pursuant to the FLSA, 29

7

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

U.S.C. § 216(b), on behalf of themselves and all former, current, and future employees who UIHC classified as non-exempt from overtime pay who were subject to the policy described above of not being paid their overtime premiums or shift differentials within twelve days of the pay period in which they were earned.  This class will be referred to herein as the "Overtime Pay Class."

26.     Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to Iowa Rule of Civil Procedure 1.262, and thereafter, as necessary.

### A.     The Wages Class

27.     Plaintiffs, as employees who have not been paid in a timely manner consistent with Iowa Code § 91A.3, are representative of the Wages Class, which is an ascertainable class that is comprised of employees working on behalf of Defendant in Iowa.

28.     Upon information and belief, the membership of the Wages Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant

29.     Both the Wages Class so numerous that joinder of all members is impracticable.

30.     There are questions of law and facts common to each member of the Wages Class.  Such common questions include, but are not limited to:  Whether Defendant's standard practice and timing of payments for overtime, extra time, shift premiums or other wages violates the IWPCL, § 91A.3.

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

31.     Plaintiffs' claims are typical of the claims of absent members of the Wages Class.

32.     Plaintiffs' claims also fairly encompass the claims of absent members of the Wages Class.  Moreover, Plaintiffs and absent members of the Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff and related health care professionals.

33.     It is further appropriate to proceed with this action on behalf of the Wages Class members because:

        a.     A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

        b.     The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

        c.     As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

        d.     The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Wages Class, rendering class judgment appropriate to the Class as a whole; and

        e.     The questions of law and fact common to the members of the Wages Class predominate over any questions affecting only individual members,

and a class action is superior to other available methods for the fair and efficient adjudication of this action.

**B.    The Termination Pay Class**

34.    Plaintiff Sellnau is representative of a Termination Pay Class of employees who have not been paid accrued vacation or qualifying sick leave pay on the next regular payday after terminating their employment.

35.    Upon information and belief, the membership of the Termination Pay Class likely includes more than 200 individuals, the exact number of past and current such class members being known to Defendant.

36.    The Termination Pay Class is so numerous that joinder of all members is impracticable.

37.    There are questions of law and facts common to each member of the Termination Pay Class.  Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for vacation pay upon termination violates the IWPCL, § 91A.4.

38.    Plaintiff Sellnau's' claims are typical of the claims of absent members of the Termination Pay Class.

39.    Plaintiff Sellnau's claims also fairly encompass the claims of absent members of the Termination Pay Class.  Moreover, Plaintiff Sellnau and absent members of the Termination Pay Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff.

40.    It is further appropriate to proceed with this action on behalf of the Termination Pay Class members because:

10

Case 3:19-cv-00081-SMR-SBJ   Document 1-1   Filed 10/25/19   Page 56 of 65

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

     f.     A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

     g.     The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

     h.     As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

     i.     The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

     j.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

41.     Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

11

**C.    Overtime Pay Class**

42.    Plaintiffs Taylor and Tosa are representative of an Overtime Pay Class of employees who have not been paid their overtime premiums on the next regular payday.

43.    Upon information and belief, the membership of the Overtime Pay Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

44.    The Overtime Pay Class is so numerous that joinder of all members is impracticable.

45.    There are questions of law and facts common to each member of the Overtime Pay Class.  Such common questions include, but are not limited to:  Whether Defendant's standard practice and timing of payments for overtime premiums violates the IWPCL, § 91A.3 and the FLSA, 29 U.S.C. § 207.

46.    Plaintiff Taylor and Tosa's claims are typical of the claims of absent members of the Overtime Pay Class.

47.    Plaintiff Taylor and Tosa's claims also fairly encompass the claims of absent members of the Overtime Pay Class.  Moreover, Plaintiff Taylor and Tosa and absent members of the Overtime Pay Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all non-exempt staff.

48.    It is further appropriate to proceed with this action on behalf of the Overtime Pay Class members because:

E-FILED  2019 OCT 07 4:29 PM JOHNSON - CLERK OF DISTRICT COURT

k.     A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

l.     The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

m.     As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

n.     The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

o.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

49.     Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

13

## COUNT I
### VIOLATION OF IWPCL, § 91A.2, § 91A.3.

50.     Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

51.     By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.3.

52.     Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

## COUNT II
### VIOLATION OF IWPCL, §91A.2, §91A.4.

53.     Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

54.     Vacation payments upon termination are wages within the definition in Iowa Code §91A.2.

55.     By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.4.

56.     Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

## COUNT III
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

57.     Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

58.     By failing to make payment of overtime premiums earned as described in these paragraphs in a timely manner, Defendant has violated both the Iowa Code § 91A.3 and the Fair Labor Standards Act, 29 U.S.C. § 207.

14

59.    Defendant's violation of the FLSA is willful, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court enter the following relief:

1.    An order permitting this litigation to proceed as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of all classes;

2.    An order permitting this litigation to proceed as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b) on behalf of the Overtime Pay Class;

3.    An order of judgment in favor of Plaintiffs and others similarly situated awarding them any unpaid wages, plus an additional equal amount in liquidated damages for the untimely payment of wages;

4.    An award of attorney's fees, costs, and interest;

5.    Injunctive and declaratory relief requiring Defendant to comply with the IWPCL and FLSA and cease its illegal practices;

6.    Any other relief to which Plaintiffs and the Class members may be entitled.

Respectfully submitted,

PLAINTIFFS MELINDA MYERS, BARBARA
STANERSON, JOHN EIVINS, LIV KELLY-
SELLNAU, CHRISTOPHER TAYLOR, and
SHUNA TOSA on Behalf of Themselves and
Others Similarly Situated

By their attorneys,

/s/ Nathan Willems
NATHAN WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P. O. Box 637
Cedar Rapids, IA  52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bjweber@llrlaw.com

E-FILED  2019 OCT 21 12:11 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

JOHN LEE EIVINS
MELINDA J MYERS
BARBARA S STANERSON

        CASE NO.  06521  LACV081138

       Plaintiff(s),

        ORDER

vs.

        Dated:  10/21/2019

IOWA BOARD OF REGENTS

       Defendant(s).

On this 21st day of October, 2019, the Motion for Leave to Amend filed by Plaintiff(s) was considered by the undersigned pursuant to I.R.Civ.P. 1.402(4).  Upon review of the file and being fully advised in the premises, the Court finds that said Motion appears unresisted and should be granted for the reasons stated therein.

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**.

Plaintiff(s) is granted leave to amend.  It is further ordered that the proposed amendment shall stand as the file copy without the necessity of further filing.

Clerk to notify.

E-FILED  2019 OCT 21 12:11 PM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Case Number**
LACV081138
**Type:**

**Case Title**
MELINDA MYERS, ET AL., VS. IOWA BOARD OF REGENTS
Other Order

So Ordered

*Chad A. Kepros*

Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2019-10-21 12:11:39

E-FILED  2019 OCT 24 2:15 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

LIV KELLY SELLNAU
CHRISTOPHER TAYLOR
SHUNA TOSA                                      CASE NO.  06521  LACV081138
JOHN LEE EIVINS
MELINDA J MYERS                                 ORDER RESETTING TRIAL SCHEDULING
BARBARA S STANERSON                             CONFERENCE

            Plaintiff(s),                       Dated:  10/24/2019

    vs.

  IOWA BOARD OF REGENTS

            Defendant(s).


Trial-scheduling conference scheduled for October 22, 2019 did not take place because the discovery plan has not been filed.  Discovery plan shall be filed by **November 8, 2019**.

**Trial Scheduling Conference is scheduled on 11/12/2019 at 9:30 AM at the Johnson County Courthouse, Iowa City, Iowa.**   The conference call shall be initiated by the **Plaintiff(s).**

The court administrator may be reached at 319-356-6070, Ext. 3313.

If discovery plan is not filed by that date, court administration shall set a trial date within the time standards set by Rule 23.2(1) of the Iowa Court Rules without consulting counsel in a trial-scheduling conference.

Clerk to notify.

E-FILED  2019 OCT 24 2:15 PM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Case Number**
LACV081138
**Type:**

**Case Title**
MELINDA MYERS, ET AL., VS. IOWA BOARD OF REGENTS
Other Order

So Ordered

Alissa Kron
_____
Alissa Kron, Court Attendant,
Sixth Judicial District of Iowa

Electronically signed on 2019-10-24 14:15:45