**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, and JOHN EIVINS, on Behalf of Themselves and Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>IOWA BOARD OF REGENTS,<br><br>     Defendant. | CASE NO.:  3:19-cv-00081-SMR-SBJ<br><br><br><br>**ANSWER TO AMENDED CLASS ACTION PETITION and AFFIRMATIVE DEFENSES** |

COME NOW, Defendant Iowa Board of Regents and for its Answer to Plaintiffs' Amended Class Action Petition and Affirmative Defenses, states:

## I.      INTRODUCTION

**Response:      Plaintiff's narrative introduction does not include individualized allegations for which a responsive answer may be provided.  As such, no responsive pleading would be required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the statements made within Plaintiff's narrative introduction without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

## III.      PARTIES

1.      Plaintiff Melinda Myers is a resident of Linn County, Iowa.  Myers is currently employed as a staff nurse at UIHC.

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

2.      Plaintiff Barbara Stanerson is a resident of Johnson County, Iowa.  Stanerson is currently employed as a physical therapist at UIHC.

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

3.      Plaintiff John Eivins is a resident of Iowa County, Iowa.  Eivins is currently employed as a staff nurse at UIHC.

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

4.      Plaintiff Liv Kelly-Sellnau is a resident of Linn County, Iowa.  Sellnau was formerly employed as an advanced registered nurse practitioner at UIHC until approximately April 21, 2019.

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

5.      Plaintiff Christopher Taylor is a resident of Washington County, Iowa.  Taylor was formerly employed as a custodian at UIHC

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

6.     Plaintiff Shuna Tosa is a resident of Linn County, Iowa.  Tosa is employed as a custodian at UIHC.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

7.     Plaintiffs, within the past two years, have been employees of University of Iowa Hospitals and Clinics within the definition of "employee" in Iowa Code § 91A.2.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

8.     Defendant Iowa Board of Regents is a government or governmental subdivision or agency which operates a hospital and clinics at the University of Iowa ("UIHC").

**Response:     It is admitted that Iowa Board of Regents is a governmental entity created pursuant to Iowa Code Chapter 262 that governs the University of Iowa Hospitals and Clinics.  The remainder of Paragraph 8 is denied.**

9.     UIHC is an "employer" within the definition of Iowa Code § 91A.2.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

## II.    JURISDICTION AND VENUE

1.      This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A, as well as, general jurisdiction over Plaintiffs' federal claim.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

2.      Pursuant to Iowa Code § 617.3 venue is proper in Johnson County because the Plaintiffs have performed their work for Defendant in Johnson County.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

## IV.    BACKGROUND

3.      Plaintiffs and those similarly situated have worked at UIHC at several locations in eastern Iowa.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

4.      Defendant pays these health care workers a monthly base salary as well as certain additional wages.

**Response:      It is admitted that certain employees at the University of Iowa Hospitals & Clinics receive monthly base salary wages and other pay.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in**

paragraph 4 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.

5.      In addition to their base wages, UIHC health care providers in this case earn wages for things such as hours worked beyond a scheduled shift, working the night shift, working overnight, working during a weekend, and shifts that are beyond their regular schedule.  They also are entitled to overtime pay (time and a half) when the health care provider works more than 240 hours in a six-week period.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

6.      Defendant pays these health care workers on the first of each month for the work performed the prior month.  The health care workers receive a monthly base salary of one-twelfth of the of their annual base salary.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

7.      Defendant, however, has a policy for the payment of additional wages which results in the wages not being paid to the workers until much later.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

8.      For example, on May 6, 2019, Plaintiff Melinda Myers, a staff nurse, worked an additional three hours beyond her regularly scheduled shift at the direction of Defendant.   In

addition to her regular pay, Myers earned and was owed an additional $17.48 premium per extra hour.

**Response:**     **It is admitted Plaintiff Melinda Myers was paid for attending education on site for 3 hours on May 6, 2019.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

9.     The pay period for the work performed by Myers in May ended on May 31, 2019.

**Response:**     **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

10.     Pursuant to Defendant's schedule, however, Myers did not receive her additional $17.48 per extra hour for the work performed on May 6, 2019, until August 1, 2019, 87 days after she worked those extra hours and 62 days after the May pay period in which she earned these wages.

**Response:**     **It is admitted that Plaintiff Myers received a payment of $52.43 on August 1, 2019.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

11.     Thus, Defendant failed to pay Myers' wagers within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

**Response:**    **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

12.    As another example, Plaintiff Stanerson, a physical therapist, worked an extra shift on December 21, 2018, and earned wages of approximately $425.41 for working the extra eight-hour shift.  The pay period for work performed in December 2018 ended on December 31, 2018. Stanerson, however, was not paid her wages until February 1, 2019, which was 42 days after she worked the extra shift and 32 days after the December 2018 pay period ended.

**Response:**    **It is admitted Plaintiff Stanerson was paid for patient care for 8 hours on December 21, 2018.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

13.    Thus, Defendant failed to pay Stanerson's full wages within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

**Response:**    **Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

14.     In addition, Defendant has a policy for payment of wages earned to terminated employees which results in terminated employees failing to receive all earned wages on the next regular payday.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

15.     As an example, Plaintiff Sellnau, a nurse practitioner, had her last day of employment at UIHC on or about April 21, 2019. The termination of her employment thus took place during the pay period for work performed in April 2019 ending on April 30, 2019. Sellnau, however, did not receive her earned vacation pay on the next regular payday on May 1, 2019. Instead, Sellnau received her accrued vacation pay on June 1, 2019, which was 31 days after the April 2019 pay period ended.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

16.     Thus, Defendant failed to pay Sellnau's wages earned at time of termination by the next regular payday in violation of §91A.4 of the IWPCL.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

17.     Defendant also employs workers that it has classified as non-exempt from overtime, such as custodians.  These non-exempt employees earn overtime pay when they work more than 40 hours in a workweek.  Defendant, however, has a policy for payment of overtime wages earned by non-exempt employees which results in non-exempt employees failing to receive their overtime pay on the next regular payday.  Non-exempt employees may also be paid shift differential wages and these wages are also not paid on the next regular payday.

**Response:     Defendant admits there are workers at the University of Iowa Hospitals and Clinics, such as custodians, that can earn overtime pay.  Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

18.     Plaintiff Shuna Tosa is employed by Defendant as a custodian and was classified as non-exempt from overtime.  When Tosa works more than 40 hours in a workweek, in addition to her base hourly rate, she earns a one-half overtime premium for each hour over 40.  On the following regular payday, however, Defendant only pays Tosa her base rate for her work during the pay period.  Tosa is not paid her overtime pay until the following payday, well more than 30 days after the overtime is worked..

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

19.     For example, during the workweek from May 6 to May 12, 2018, Tosa worked 59 hours.  She was paid her base rate for working 40 hours that week on June 1, 2018.  She was not paid for her 19 hours of overtime work, however, until July 1, 2018

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

20.     Thus, Defendant fails to pay Tosa's overtime pay within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

21.     Defendant has engaged in the practices described in the preceding paragraphs willfully and intentionally, and for all putative class members in this case.

**Response:       Denied.**

### V.       CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Class identified below.

**Response:       With regard to paragraph 22, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the**

allegations in paragraph 22 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.

23.     Plaintiffs bring Count I of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers who have worked at UIHC within the past two years of the date of filing of the original Petition, and who were subject to the policy described above of not being paid their earned wages within twelve days of the pay period in which it was earned.  This class will be referred to herein as the "Wages Class."

**Response:     With regard to paragraph 23, these allegations fail to set forth any factual assertions, but instead set forth counsel's description of claims and interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

24.     Plaintiffs bring Count II of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers who have worked at UIHC who did not receive their accrued vacation on the next regular payday after terminating their employment.  This class will be referred to herein as the "Termination Pay Class."

**Response:     With regard to paragraph 24, these allegations fail to set forth any factual assertions, but instead set forth counsel's description of claims and interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of**

the allegations in paragraph 24 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.

25.     Plaintiffs bring Count III of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 and as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all former, current and future employees who UIHC classified as non-exempt from overtime pay who were subject to the policy described above of not being paid their overtime premiums or shift differentials within twelve days of the pay period in which they were earned.  This class will be referred to herein as the "Overtime Pay Class."

**Response:     With regard to paragraph 25, these allegations fail to set forth any factual assertions, but instead set forth counsel's description of claims and interpretation of law.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

26.     Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to Iowa Rule of Civil Procedure 1.262, and thereafter, as necessary.

**Response:     With regard to paragraph 26, these allegations fail to set forth any factual assertions, but instead set forth counsel's description of claims.  As such, no responsive pleading is required.  To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

### A.     The Wages Class

27.     Plaintiffs, as employees who have not been paid in a timely manner consistent with Iowa Code § 91A.3, are representative of the Wages Class, which is an ascertainable class that is comprised of employees working on behalf of Defendant in Iowa.

**Response:     Denied.**

28.     Upon information and belief, the membership of the Wages Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

29.     Both the Wages Class so numerous that joinder of all members is impracticable.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

30.     There are questions of law and facts common to each member of the Wages Class. Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime, extra time, shift premiums or other wages violates the IWPCL, § 91A.3.

**Response:     Denied.**

31.     Plaintiffs' claims are typical of the claims of absent members of the Wages Class.

**Response:     Denied.**

32.    Plaintiffs' claims also fairly encompass the claims of absent members of the Wages Class.  Moreover, Plaintiffs and absent members of the Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff and related health care professionals.

**Response:      Denied.**

33.    It is further appropriate to proceed with this action on behalf of the Wages Class members because:

a.    A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

b.    The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

c.    As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

d.    The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Wages Class, rendering class judgment appropriate to the Class as a whole; and

e.    The questions of law and fact common to the members of the Wages Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

**Response:     Denied.**

**B.     The Termination Pay Class**

34.     Plaintiff Sellnau is representative of a Termination Pay Class of employees who have not been paid accrued vacation or qualifying sick leave pay on the next regular payday after terminating their employment.

**Response:     Denied.**

35.     Upon information and belief, the membership of the Termination Pay Class likely includes more than 200 individuals, the exact number of past and current such class members being known to Defendant.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

36.     The Termination Pay Class is so numerous that joinder of all members is impracticable.

**Response:     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

37.     There are questions of law and facts common to each member of the Termination Pay Class.  Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for vacation pay upon termination violates the IWPCL, § 91A.4.

**Response:     Denied.**

38.     Plaintiff Sellnau's claims are typical of the claims of absent members of the Termination Pay Class.

**Response:     Denied.**

39.     Plaintiff Sellnau's claims also fairly encompass the claims of absent members of the Termination Pay Class.  Moreover, Plaintiff Sellnau and absent members of the Termination Pay Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff.

**Response:     Denied.**

40.     It is further appropriate to proceed with this action on behalf of the Termination Pay Class members because:

f.      A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

g.      The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

h.      As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

i.      The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

j.      The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

**Response:      Denied.**

41.     Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

**C.      Overtime Pay Class**

42.     Plaintiffs Taylor and Tosa are representative of an Overtime Pay Class of employees who have not been paid their overtime premiums on the next regular payday.

**Response:      Denied.**

43.     Upon information and belief, the membership of the Overtime Pay Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

44.     The Overtime Pay Class is so numerous that joinder of all members is impracticable.

17

**Response:       Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of Plaintiffs' amended petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

45.     There are questions of law and facts common to each member of the Overtime Pay Class.  Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime premiums violates the IWPCL, § 91A.3 and the FLSA, 29 U.S.C. § 207.

**Response:     Denied.**

46.     Plaintiff Taylor and Tosa's claims are typical of the claims of absent members of the Overtime Pay Class.

**Response:     Denied.**

47.     Plaintiff Taylor and Tosa's claims also fairly encompass the claims of absent members of the Overtime Pay Class.  Moreover, Plaintiff Taylor and Tosa and absent members of the Overtime Pay Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all non-exempt staff.

**Response:     Denied.**

48.     It is further appropriate to proceed with this action on behalf of the Overtime Pay Class members because:

k.     A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

l.     The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with

respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

m.      As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

n.      The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

o.      The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

**Response:      Denied.**

49.      Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis.  The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

**Response:      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of Plaintiffs' petition without the benefit of further discovery, and therefore denies the same and demands strict proof thereof.**

## COUNT I

## VIOLATION OF IWPCL, § 91A.2, § 91A.3

50.      Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

**Response:      Defendant hereby incorporates in full the responses to paragraphs 1-58 as if fully set forth herein.**

51.      By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.3.

**Response:      Denied.**

52.      Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

**Response:      Denied.**

WHEREFORE, Defendant Iowa Board of Regents respectfully requests Plaintiffs' Amended Petition be dismissed in its entirety with costs assessed to Plaintiffs and such other relief as the Court deems appropriate.

## COUNT II

## VIOLATION OF IWPCL, § 91A.2, § 91A.4

53.      Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

**Response:      Defendant hereby incorporates in full the responses to paragraphs 1-58 as if fully set forth herein.**

54.      Vacation payments upon termination are wages within the definition in Iowa Code § 91A.2.

**Response:      With regard to paragraph 54, these allegations fail to set forth any factual assertions, but instead set forth counsel's interpretation of law.   As such, no responsive pleading is required.   To the extent a response would be deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the**

**allegations in paragraph 54 without the benefits of further discovery, and therefore denies the same and demands strict proof thereof.**

55.     By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.4.

**Response:     Denied.**

56.     Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

**Response:     Denied.**

WHEREFORE, Defendant Iowa Board of Regents respectfully requests Plaintiffs' Amended Petition be dismissed in its entirety with costs assessed to Plaintiffs and such other relief as the Court deems appropriate.

## COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

57.     Plaintiffs incorporate by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.

**Response:     Defendant hereby incorporates in full the responses to paragraphs 1-58 as if fully set forth herein.**

58.     By failing to make payment of overtime premiums earned as described in these paragraphs in a timely manner, Defendant has violated both the Iowa Code § 91A.3 and the Fair Labor Standards Act, 29 U.S.C. § 207.

**Response:     Denied.**

59.     Defendant's violation of the FLSA is willful, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in 29 U.S.C. § 216(b).

**Response:     Denied.**

WHEREFORE, Defendant Iowa Board of Regents respectfully requests Plaintiffs' Amended Petition be dismissed in its entirety with costs assessed to Plaintiffs and such other relief as the Court deems appropriate.

## FURTHER ANSWERS AND AFFIRMATIVE DEFENSES

1.      Plaintiffs' Amended Petition fails to state a claim upon which relief can be granted.

2.      Plaintiffs cannot establish the necessary prerequisites for class treatment.

3.      Plaintiffs cannot establish the necessary prerequisites for a collective action.

4.      Plaintiffs are not proper class or collective action representatives.

5.      Plaintiffs' claims would be limited or barred, in whole or in part, by the applicable statutes of limitations.

6.      Any violation of the Iowa Wage Payment Act was unintentional.

7.      Any violation of the Fair Labor Standards Act was not willful.

8.      Plaintiffs have not sustained legally recognizable or awardable damages.

9.      Plaintiffs' claims are barred or limited by the doctrines of laches, estoppel, and/or waiver.

10.      Plaintiffs cannot recover liquidated damages.

11.      Defendant's actions were and have been taken for legitimate business reasons and in good faith.  Any alleged violations would not have been the result of conduct that would be oppressive, malicious, intentional, willful, knowing, or in bad faith, but rather would be the result of mistake or inadvertence.

12.      Defendant is immune from claims under the FLSA.

13.     Defendant reserves the right to amend this pleading to assert additional defenses upon discovery of specific facts upon which Plaintiffs bases their claim for relief and upon completion of discovery.

WHEREFORE, Defendant Iowa Board of Regents requests that Plaintiffs' Amended Petition be dismissed and the costs of this action taxed to Plaintiffs.

/s/ Andrew T. Tice
Andrew Tice  (AT0007968)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
Telephone:  (515) 243-7611
Facsimile:  (515) 243-2149
atice@ahlerslaw.com
ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS

**Electronically filed and served:**

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Ste. 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
nate@rushnicholson.com
ATTORNEYS FOR PLAINTIFF

01657309-1\14722-494

| CERTIFICATE OF SERVICE | | |
|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: | | November 22, 2019 |
| By: ☐  U.S. Mail | ☐ | Fax |
| ☐  Hand delivery | ☐ | Private Carrier |
| ☒  Electronically (via CM/ECF) | ☐ | E-mail |
| Signature:            /s/  Pam Norelius | | |

23