UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IOWA BOARD OF REGENTS, <br><br> Defendant. | CASE NO. 3:19—cv—081-SMR-SBJ <br><br><br><br> **DEFENDANT IOWA BOARD OF REGENTS' BRIEF IN SUPPORT OF MOTION TO DISMISS FLSA CLAIM ON SOVEREIGN IMMUNITY GROUNDS** |

COMES NOW Defendant Iowa Board of Regents and submits the following Brief in support of its Motion to Dismiss Plaintiffs' FLSA claim based upon sovereign immunity.

## I.   INTRODUCTION

Plaintiffs are current and former employees of the University of Iowa Hospitals and Clinics. *See* Am. Pet. ¶¶ 1-7 (Docket No. 1-1). The Iowa Board of Regents is a governmental entity created pursuant to Iowa Code Chapter 262 that governs the University of Iowa Hospitals and Clinics. Count III of Plaintiffs' Amended Petition alleges the Iowa Board of Regents violated the Fair Labor Standards Act ("FLSA") and seeks monetary damages. *See* Am. Pet. ¶¶ 57-59.

Dismissal of Plaintiffs' FLSA claim is appropriate because the Iowa Board of Regents has sovereign immunity from a private suit under the FLSA and, therefore, the Court lacks jurisdiction to hear the FLSA claim. *See Lee v. State, Polk County Clerk of Court*, 815 N.W.2d 731, 737 (Iowa 2012) ("The question of sovereign immunity involves the jurisdiction of the court to resolve disputes between private citizens and their state."); *State v. Lasley*, 705 N.W.2d 481, 485 (Iowa 2005) ("The issue whether the legislature intended to waive its sovereign

1

immunity with respect to a particular type of claim is a matter of subject matter jurisdiction, … and the State may raise that issue by motion to dismiss at any stage of the proceeding." (quoting *Hyde v. Buckalew*, 393 N.W.2d 800, 802 (Iowa 1986))); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Iowa Board of Regents is a state agency and shares in the immunity of the state. *See, e.g., Van Pilsum v. Iowa State University of Science and Technology*, 863 F.Supp. 935, 939 (S.D. Iowa, 1994) (holding the Board of Regents shares in the state's immunity).

In order for a private citizen to bring a suit for damages against the State under the FLSA, the State must consent to such suit. *See Alden v. Maine*, 527 U.S. 706, 712 (1999) (holding "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts. We decide as well that the State of Maine has not consented to suits for overtime pay and liquidated damages under the FLSA."). The Iowa Supreme Court held in *Anthony v. State* that "the State has acceded to [the FLSA overtime] mandate in a manner that establishes the resulting overtime remuneration as compensation owed by an employer." 632 N.W.2d 897, 901 (Iowa 2001) (citing Iowa Code section 19A.9(2)). However, the Iowa Code section and regulations relied upon in *Anthony* explicitly "exclud[e] employees of the state board of regents." *Id*. (citing Iowa Code section 19A.9(2)). The State has not consented to suit under the FLSA by employees of the Iowa Board of Regents. As such, the Iowa Board of Regents retains sovereign immunity as to Plaintiffs' FLSA claim, and this claim must be dismissed.

## II. ARGUMENT

### A. This Motion Asserts Sovereign Immunity of the Board of Regents.

As an initial matter of clarification, this Motion asserts the Iowa Board of Regents has sovereign immunity to the FLSA claim and is not asserting Eleventh Amendment immunity from suit in federal court. The Supreme Court explained in *Alden v. Maine* that courts have

"sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is it limited by, the terms of the Eleventh Amendment." 527 U.S. 706, 713 (1999). "[T]he States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Id*. Eleventh Amendment immunity "is a component of the broader doctrine of sovereign immunity." *Lee v. State*, 815 N.W.2d 731, 737 (Iowa 2012). In short, sovereign immunity is not synonymous with Eleventh Amendment immunity from suit in federal court. Under the doctrine of sovereign immunity, if the state retains its immunity from suit from a class of claim, then "employees are precluded from suing for monetary relief." *Id*.

### B. The State Has Sovereign Immunity to a Private Cause of Action Under the FLSA Unless the State Has Waived Its Immunity.

In *Alden*, the Supreme Court discussed at length the fundamental sovereign immunity of the states and held "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts. We decide as well that the State of Maine has not consented to suits for overtime pay and liquidated damages under the FLSA." *Alden v. Maine*, 527 U.S. 706, 712, 713-14 (1999). Following *Alden*, numerous courts have held other states are immune from plaintiffs' private suits for damages under the FLSA. *See, e.g., Gorney v. Arizona Bd. Of Regents,* 43 F. Supp. 3d 946, 951-52 (D. Ariz. 2014) (holding removal to federal court did not waive Arizona Board of Regents' immunity on Plaintiff's FLSA "because Congress has not validly abrogated the States' sovereign immunity on FLSA claims" (citing *Alden*, 527 U.S. at 712)); *Hauser v. Rhode Island Dept. of Correction*, 640 F.Supp.2d 143, 148-49 (D. R.I. 2009) (holding Rhode Island has not waived immunity for private causes of action under the FLSA and "the simple enactment of wage provisions reflecting or mirroring the FLSA, without more, is too thin a reed on which to find clear waiver."); *Allen v. Fauver*, 167 N.J. 69, 77-78 (N.J. 2001)

3

(holding New Jersey has not waived sovereign immunity for FLSA claims); *Coniff v. Vermont*, No. 2:10-cv-32, 2013 WL 5429428 (D. Vermont, Sept. 30, 2013) (holding Vermont had not waived sovereign immunity to a private action under the FLSA). Thus, the case law is clear that States retain their sovereign immunity to a private right of action under the FLSA unless the State has waived its immunity.

The Iowa Supreme Court has held the State can waive sovereign immunity not only by an express statutory waiver, but also by entering into a contract or by "constructive waiver." *See Lee v. State*, 815 N.W.2d 731, 740-41 (Iowa 2012) (citing *Kersten Co. v. Dep't. of Soc. Serv.*, 2017 N.W.2d 117, 118 (Iowa 1973)). However, where there is express statutory waiver, Iowa courts will "strictly follow the statutory guidelines waiving the State's immunity." *Id*. at 740. As discussed below, the State of Iowa has not waived sovereign immunity to an FLSA claim as to the Iowa Board of Regents.

**C. The Iowa Board of Regents Has Sovereign Immunity to Plaintiffs' FLSA Claim.**

In *Anthony v. State*, an action asserting claims under Iowa Code Chapter 91A and the FLSA, the Court considered "whether chapter 91A allows plaintiffs to pursue their FLSA overtime claims in an action brought under that chapter in the Iowa courts," and held "the State has acceded to [the FLSA overtime] mandate in a manner that establishes the resulting overtime remuneration as compensation owed by an employer." 632 N.W.2d 897, 901 (Iowa 2001) (citing Iowa Code section 19A.9(2)). The Iowa Code section relied upon in *Anthony* provides:

> for pay plans within the purview of an appropriation made by the general assembly and not otherwise provided by law for all employees in the executive branch of state government, **excluding employees of the state board of regents** …. Each employee in the executive branch, **excluding employees of the state board of regents**, shall be paid at one of the rates set forth in the pay plan for the class of position in which employed and, unless otherwise designated by the commission, shall begin employment at the first step of the established range for the employee's class.

4

*Id.* at 901-02 (quoting Iowa Code section 19A.9(2)) (emphasis added).  The *Anthony* Court found the "rules adopted pursuant to this statute speak to the issue of FLSA overtime compensation in two places," including (1) defining "overtime covered class, employee, or position" as being "eligible for premium overtime compensation in accordance with the federal Fair Labor Standards Act" and (2) providing that "[a]n employee in a job class designated as overtime eligible shall be paid at a premium rate (one and one-half hours) for every hour in pay status over 40 hours in a workweek."  *Id.* at 902 (quoting Iowa Admin. Code R. 581—1.1 and Iowa Admin. Code R. 581—4.11(2)).  However, the Iowa Code section, and the rules adopted pursuant to that section, relied upon by the *Anthony* Court explicitly excluded "employees of the state board of regents," and therefore could not constitute a waiver of sovereign immunity as to the Iowa Board of Regents.  The Iowa Board of Regents was not a defendant in the *Anthony* case—therefore, whether the Court's reasoning applied to the Iowa Board of Regents was not an issue presented in that case.  It must also be noted the Iowa Code provision relied upon in *Anthony*—section 19A—was repealed in 2003.  Likewise, the Administrative rules cited in the *Anthony* case are no longer in effect.

In 2003, the State enacted Iowa Code Chapter 8A, creating the Department of Administrative Services "for the purpose of managing and coordinating the major resources of state government including the human, financial, and physical resources of state government."  *See* Iowa Code §§ 8A.201, 8A.203(1).  Iowa Code § 8A.413 regarding "State human resources management," provides in part:

> The department shall adopt rules for the administration of this subchapter pursuant to chapter 17A… These rules shall provide:
>   …
>   (3) For pay plans covering all employees in the executive branch, **excluding employees of the state board of regents**, after consultation with the governor and appointing authorities, and consistent with the terms of collective bargaining agreements negotiated under chapter 20.

5

Iowa Code section 8A.413(3) (emphasis added).

Therefore, like former Iowa Code § 19A.9(2) regarding executive branch pay plans, current Iowa Code § 8A.413 explicitly excludes "employees of the state board of regents" from its purview. The Iowa Administrative Rules adopted pursuant to Iowa Code § 8A.413 are located at Iowa Admin Code 11—53 and make similar reference to the FLSA and overtime as those cited in *Anthony*. *See* Iowa Admin. Code R. 11—53.11(2) (defining "eligible job classes" as "an employee in a job class designated as overtime eligible shall be paid at a premium rate (one and one-half hours) in accordance with the federal Fair Labor Standards Act."). Iowa Admin Code Chapter 53 provides: "11—53.1(8A) Pay plan adoption. The director shall adopt pay plans for all classes and positions in the executive branch of state government, **except as otherwise provided for in the Iowa Code**." (emphasis added). The Iowa Board of Regents is "otherwise provided for in the Iowa Code" because § 8A.413(3) explicitly "exclud[es] employees of the state board of regents" from the rules providing for pay plans of executive branch employees. Iowa Code § 8A.413(3); Iowa Admin. Code R. 11—53.1. In short, the administrative rules cited in *Anthony* as providing for overtime rates in accordance with the FLSA did not previously and do not presently apply to the Iowa Board of Regents.

What does apply to some Iowa Board of Regents employees is Iowa Code § 8A.412 regarding the State "merit system." Section 8A.412 states:

> The merit system shall apply to all employees of the state and to all positions in state government now existing or hereafter established. … However, the merit system shall not apply to the following:
> ….
> (5) All presidents, deans, directors, teachers, professional and scientific personnel, and student employees under the jurisdiction of the state board of regents. The state board of regents shall adopt rules not inconsistent with the objective of this subchapter for all of its employees not cited specifically in this subsection. The rules are subject to approval by the director. If at any time the director determines that the state board of regents merits system rules do not comply with the intent of this subchapter, the director may

6

>direct the board to correct the rules.  The rules of the board are not
>in compliance until the corrections are made.

Iowa Code section 8A.412(5).  The Iowa Board of Regents Merit System Rules adopted pursuant to § 8A.412 are located at Iowa Admin. Code § 681.3.  The rules cover "all employees of the board of regents, except those exempted by Iowa Code section 8A.412(5)."  Iowa Admin. Code R. 681—3.2.  There is **no mention** in the Iowa Board of Regents Merit System Rules of the Fair Labor Standards Act, nor is there any mention of any requirement to pay overtime compensation.[1]

The Iowa Supreme Court's rejection of the State's sovereign immunity claim in *Anthony* because "the statutory scheme for deriving pay plans has been implemented in a manner that includes FLSA overtime remuneration as compensation owed by an employer" does not apply to the Iowa Board of Regents because that statutory scheme explicitly excludes the Iowa Board of Regents.  *See Anthony*, 632 N.W.2d at 902.  As discussed above, the statutory scheme that does apply to the Iowa Board of Regents does not waive sovereign immunity; in fact, it makes no mention whatsoever of FLSA overtime remuneration.

The Iowa Supreme Court has discussed the *Anthony* decision as holding there was "express waiver" of sovereign immunity.  *See Lee v. State*, 815 N.W.2d 731, 741 (Iowa 2012); *Raper v. State*, 688 N.W.2d 29, 54 (Iowa 2004) (finding "we have already determined the State waived its sovereign immunity by expressly consenting to be sued in state court for FLSA overtime remuneration." (citing *Anthony v State*, 632 N.W.2d 897, 902 (Iowa 2001)).  However,

---

[1] "Overtime" is mentioned only twice in Iowa Admin. Code 681—3.  First, in a section regarding "pay on promotion," which provides: "For the purpose of calculating the promotional increase, any extra pay such as shift differential pay, pay for special assignment, on-call pay, pay for overtime, or pay for call back shall be excluded as part of the employee's present base pay." Iowa Admin Code R. 681—3.39(3).  Second, in a section about "bone marrow and organ donation leave," which provides:  "An employee who is granted a leave of absence under Iowa Code section 70A.39 shall receive leave without loss of service, pay, vacation time, personal days, sick leave, insurance and health coverage benefits, or earned overtime accumulation." *See* Iowa Admin Code R. 681—3.152.

again, these cases are inapplicable to the Board of Regents because the "express waiver" found in *Anthony* relied upon Iowa Code sections and administrative rules that clearly and explicitly do not apply to the Board of Regents.  To the extent Iowa Code § 8A.413(3) and Iowa Admin Code Chapter 53 constitute as express waiver of the State's sovereign immunity to private actions under the FLSA for damages, the Court should "strictly follow the statutory guidelines waiving the State's immunity."  *Lee v. State*, 815 N.W.2d at 740.  The statute explicitly does not apply to the Board of Regents, and therefore cannot constitute a waiver of sovereign immunity as to the Board of Regents.  Indeed, there is no statutory or rule-based basis that would support finding any waiver of sovereign immunity applicable to the Iowa Board of Regents.

The State has retained sovereign immunity of the Iowa Board of Regents to a private cause of action under the FLSA, and Plaintiffs' FLSA claim must therefore be dismissed pursuant to *Alden v. Maine*[2].

### III.   CONCLUSION

For the reasons discussed herein, the Iowa Board of Regents has sovereign immunity to Plaintiffs' FLSA claim.  Therefore, Plaintiffs' FLSA claim (Count III of the Amended Petition) should be dismissed with prejudice.

*/s/ Andrew T. Tice*
Andrew T. Tice (AT0007968)
Jason M. Craig (AT0001707)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
(515) 243-7611
(515) 243-2149
atice@ahlerslaw.com
jcraig@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS**

---

[2] 527 U.S. 706, 713 (1999)("[T]he States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.").

**Electronically filed and served**.

Nathan Willems (AT00009260)
RUSH & NICHOLSON, PLC
115 1st Ave. SE, Suite 201—PO Box 637
Cedar Rapids, IA 52406-0637
(319) 363-5209
(319) 363-6664 (fax)
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, PC
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
hlichten@llrlaw.com
bjweber@llrlaw.com
**ATTORNEYS FOR PLAINTIFFS**

01675612-1\14722-494

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: February 12, 2020 | | | |
| By: | ☐ U.S. Mail | ☐ | Fax |
| | ☐ Hand delivery | ☐ | Private Carrier |
| | ☒ Electronically (*via CM/ECF*) | ☐ | E-mail |
| Signature: | *Pam Norelius* | | |