**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>IOWA BOARD OF REGENTS,<br><br>        Defendant. | CASE NO. 3:19—cv—081<br><br><br><br><br><br>**DEFENDANT'S RESISTANCE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** |

Defendant Iowa Board of Regents ("BOR"), pursuant to Local Rule 7(e), submits the following Resistance to Plaintiffs', Christopher Taylor and Shuna Tosa, Motion for Conditional Certification.

## <u>TABLE OF CONTENTS</u>

BACKGROUND ............................................................................................................... 2

ARGUMENT ....................................................................................................................3

A.   PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE
     DENIED BECAUSE THE FLSA CLAIM IS BARRED BY SOVEREIGN IMMUNITY.
     ....................................................................................................................3

B.   PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE
     DENIED BECAUSE PLAINTIFFS FAIL TO SHOW PUTATIVE CLASS MEMBERS
     ARE INTERESTED IN JOINING THE CLASS. ...........................................................4

C.   PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE
     DENIED OR LIMITED AS THE SCOPE OF THE IDENTIFIED CLASS IS OVERLY
     BROAD. ....................................................................................................7

D.    THE COURT SHOULD REJECT THE METHOD AND FORM OF NOTICE PROPOSED BY PLAINTIFFS BECAUSE IT PRESENTS OPPORTUNITIES FOR IMPROPER SOLICIATION, UNDULY EMPHASIZES PLAINTIFFS' CLAIMS, IS UNNECESSARILY REDUNDANT, AND IS INACCURATE AND FAILS TO INCLUDE RELEVANT INFORMATION.......................................................................14

CONCLUSION.......................................................................................................................22

## BACKGROUND

On August 19, 2019, Plaintiffs' counsel filed a Class Action Petition against BOR in the Iowa District Court for Johnson County.  This Class Action Petition asserted a single claim by healthcare providers[1] alleging violation of the Iowa Wage Payment Collection Action (Iowa Code §91A.2, §91A.3).

On October 7, 2019, Plaintiffs' counsel filed a Motion to Amend Class Action Petition in order to identify three (3) new plaintiffs – Liv Kelly-Sellnau, Christopher Taylor, and Shuna Tosa – and two (2) new claims.  The Amended Petition sought to include a new claim by Plaintiffs' Christopher Taylor ("Taylor") and Shuna Tosa ("Tosa") asserting an alleged violation of the Fair Labor Standards Act ("FLSA")(29 U.S.C. § 207).  Taylor and Tosa sought to bring their claim "on behalf of themselves and all former, current, and future employees who UIHC classified as non-exempt from overtime pay who were subject to the policy … of not being paid their overtime premiums or shift differentials within twelve days of the pay period in which they were earned." Amended Petition, ¶ 25.  Taylor and Tosa claimed to be "representative of an Overtime Pay Class of employees who have not been paid their overtime premiums on the next regular payday." *Id*., ¶ 42.  On October 21, 2019, the Iowa District Court granted Plaintiffs' Motion to Amend and ordered the proposed amendment shall stand as the file copy without the necessity of further filing.

---

[1] The original Petition defined plaintiffs as "a bargaining unit working at the UIHC that consists primarily of staff nurses but also includes other job titles such as physical therapists, lab technicians, occupational therapists, and physician's assistants."  Petition, footnote 1.

On October 25, 2019, BOR removed this lawsuit to federal court on the basis of federal question jurisdiction arising from the FLSA claim.  *See* Document 1.  On November 22, 2019, BOR filed its Answer to the Amended Class Action Petition.  *See* Document 7.

On January 8, 2020, Plaintiffs Taylor and Tosa filed a Motion for Conditional Certification of their FLSA claim.  *See* Document 14.  Plaintiffs ask the Court to conditionally certify the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and to appoint interim class counsel.  *Id*.  In support of their motion, Plaintiffs allege "pursuant to UIHC's policy of paying overtime wages for all non-exempt workers 'one month in arrears,' UIHC violates the [FLSA] by failing to pay overtime wages in a timely manner."  *See* Document 14, p. 2.

BOR requests the Court deny Plaintiffs' Motion for Conditional Certification on the following grounds: (1) Plaintiffs' FLSA claim is barred by sovereign immunity, (2) Plaintiffs fail to show putative class members are interested in joining the class, (3) Plaintiffs' identified class is overly broad, and (4) the method and form of Plaintiffs' proposed notice presents opportunities for improper solicitation, unduly emphasizes Plaintiffs' claims, is unnecessarily redundant, and is inaccurate and fails to contain relevant information.

## ARGUMENT

### A.   PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE DENIED BECAUSE THIS FLSA CLAIM IS BARRED BY SOVEREIGN IMMUNITY.

Coincident with the filing of this Resistance, BOR is filing a Motion to Dismiss Plaintiffs' FLSA claim on sovereign immunity grounds with a supportive brief setting forth the basis for finding sovereign immunity requires the dismissal of Plaintiffs' FLSA claim.  The application of sovereign immunity likewise requires the denial of Plaintiffs' Motion for Conditional Certification of an FLSA class.  For the reasons stated within BOR's Motion to Dismiss FLSA Claim on Sovereign Immunity Grounds and its supportive brief, BOR requests dismissal of Plaintiffs' FLSA claim and denial of Plaintiffs' Motion for Conditional Certification.

## B. PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO SHOW PUTATIVE CLASS MEMBERS ARE INTERESTED IN JOINING THE CLASS.

"The court has a 'responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation' of potential opt-in plaintiffs, but the district court should, 'in appropriate cases,' exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 890 (N.D. Iowa 2008) (internal citations excluded).

A two-step approach has been commonly used by district courts in the Eighth Circuit to determine conditional class certification under the FLSA. *Andersen et al. v. Wells Fargo Financial et al.*, 2012 WL 12871956 (S.D. Iowa 2012).  This Court has cited approvingly the following:

> The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Saxton v. Title Max of Alabama, Inc*., 431 F. Supp. 2d 1185, 1187 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). "The analysis for determining the issuance of opt-in notices to other potential plaintiffs under the FLSA is: whether the plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exist." *Ray v. Motel 6 Operating, Ltd. P'ship & Motel 6 G.P., Inc*., 1996 U.S. Dist. LEXIS 22564, at *5 (D. Minn. March 18, 1996) (citing *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 279 (D. Minn. 1992)).  When determining initial class certification under the first step, "the plaintiffs need merely provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Bouaphakeo*, 564 F. Supp. 2d at 892 (quoting *Salazar II*, 2008 WL 782803 at *5). "Although the burden at the first step is more lenient, and does not require existing plaintiffs to show that members of the conditionally certified class are actually similarly situated, plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Id.* (internal quotation omitted). "'Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted.' *Lopez, et al. v. Tyson Foods, Inc.*, 2008 WL 3485289, at *8 (D. Neb. Aug. 7, 2008) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

*Id*. at *3.  In making their showing of proof, plaintiffs "should include 'evidence that other similarly situated individuals desire to opt in to the litigation' because '[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.'"  *Bouaphakeo*, 564 F.Supp.2d at 891

(quoting *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164-65 (D. Minn. 2007) (quoting

*Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24,

2007)).

In *Parker*, the District Court denied the plaintiffs' motion for conditional certification

finding the plaintiffs had failed to produce sufficient evidence indicating others would opt-in to

the lawsuit.  492 F.Supp.2d 1159, 1166.  In doing so, the District Court stated:

> Although the Eighth Circuit has not addressed this issue, the Court agrees with *Dybach* and concludes that, before a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation.  In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment.  As one court has stated, "[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *9 (S.D.Tex. Jan.24, 2007).
>
> Simply put, a plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit.  And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class"—the case ultimately would involve no one other than the plaintiff.  Furthermore, if an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would
>
>> render preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every ... employee[ ]. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant.... More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."
>
> *Smith v. Sovereign Bancorp, Inc.*, No. Civ. A. 03–2420, 2003 WL 22701017, at *2 (E.D.Pa. Nov.13, 2003) (citations omitted); *see also West*, 2006 WL 1892527, at *7 ("neither the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if we were to overlook facts which generally suggest that a collective action is improper").

> The foregoing analysis is fatal to Plaintiffs' Motion. The only evidence Plaintiffs have proffered about the opt-in class is contained in their Affidavits, in which they state that they are "informed and believe that ... many other independent contractor driver/couriers worked in excess of forty (40) hours per week and did not receive overtime compensation." (Parker Aff. ¶ 8; Pinks Aff. ¶ 8.)  In other words, Plaintiffs aver that other potential plaintiffs may exist.  As set forth above, this is insufficient to satisfy Plaintiffs' burden.  In the absence of at least some evidence indicating that others will opt in to this lawsuit, the Court perceives no basis to conclude that this is an "appropriate case" for collective-action status—it is simply a lawsuit involving two plaintiffs. Accordingly, conditional certification must be denied.

*Id.* at 1165-1166.

Separately, in *Andersen*, this Court likewise considered the question of whether plaintiffs had sufficiently met their burden to "show that there are other employees who may desire to opt-in who are 'similarly-situated'…"  *Anderson*, 2012 WL 12871956 (S.D. Iowa 2012).  Therein, the Court denied conditional certification stating, in part: "There are over 600 current and former Loan Officers.  Nearly two years have passed since the original Andersen plaintiffs filed their case against Defendants.  While eight Plaintiffs are listed in the consolidated caption, it appears as if only four or five are able to proceed in this law suit. … This small percentage of current and former Loan Officers is another factor that weighs against collective certification in this case."  *Id.*, at *5.

In the case-at-bar, Plaintiffs include Taylor and Tosa only.  As such, Plaintiffs proffer only two (2) individuals out of a putative class Plaintiffs estimate at "more than 2,000 individuals".  Amended Pet., ¶43.  Even more, in support of the Motion for Conditional Certification, Plaintiffs have not produced any supportive declaration or wage records from Taylor.  Plaintiffs have, instead, limited their motion's submission to a single declaration from Tosa only.  As such, Plaintiffs' evidence of individuals desiring to opt-in consists only of a single solitary person (or, at best, two persons with one of them not supporting the motion for conditional certification) out of an estimated population of "more than 2,000 individuals".  This case presents a far weaker and percentage-wise smaller evidentiary showing than the *Anderson* case where this Court found the evidence to be insufficient to conditionally certify the class.

Even more, it should be recognized that Tosa's declaration indicates she was hired by UIHC as a custodian in 2005. *See* Document 14-2. As such, Plaintiffs' submission suggests Tosa has been an employee for approximately 15 years. In *Rowland*, the Court recognized "it is not unreasonable to require Plaintiffs to submit evidence of additional drivers who desire to join this litigation before conditional certification is granted" when the plaintiff had been employed for only five years. 492 F.Supp.2d at 1166. Of course, the duration of Tosa's employment for a substantially longer period of time – by approximately three (3) times – than was noted in *Rowland* is yet another factor weighing in opposition to conditional certification.

There is good reason to deny Plaintiffs' request for conditional certification under these circumstances. Plaintiffs have failed to show sufficient, or even any, interest from putative opt-ins in joining the putative class apart from Tosa herself. As was held in *Bouaphakeo*, the Court has a responsibility to avoid "stirring up" litigation through unwanted solicitation of potential opt-in plaintiffs. *Bouaphakeo*, 564 F.Supp.2d at 890. BOR requests the Court deny Plaintiffs' motion for conditional certification as these proceedings are not an "appropriate case" to certify a collective class.

### C. PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE DENIED OR LIMITED BECAUSE THE PROPOSED CLASS IS OVERLY BROAD.

Plaintiffs seek conditional certification of the following "substantially similar" class:

**All individuals who worked for University of Iowa Hospitals and Clinics since August 19, 2016, whom UIHC classified as "non-exempt" for purposes of overtime pay.**

*See* Document 14, p. 5. Plaintiffs' proposed collective class grossly exceeds the allegations put forth in the Amended Petition and the evidentiary showing made in support of the proposed collective class. Such a collective class would result in notice being provided to an exceptionally broad group of individuals that would not have legally recognizable claims, would not be "substantially similar", and who would have no rightful role in joining Plaintiffs' FLSA claim.

Plaintiffs' request for conditional certification of such a class should be denied and/or narrowed for these and the following reasons.

**1.   Plaintiffs' time duration exceeds the greatest potential statute of limitations.**

The time duration of Plaintiffs' proposed class is overly broad as it seeks to include claims outside the maximum potential statute of limitations.  The FLSA allows for a two-year statute of limitations, or when a "willful violation" has been established a three-year statute of limitations. 29 U.S.C. § 255(a).  "[A] cause of action accrues upon each regular payday following the pay period when the employee rendered the services for which compensation is allegedly due." *Tiffey v. Speck Enterprises, Ltd.*, 418 F.Supp.2d 1120, 1124 (S.D. Iowa 2006).  Yet, Plaintiffs' proposed class would extend the time duration for claims as far back as August 19, 2016, which is approximately 3½ years ago and longer than even the most broad potential statute of limitations.

An action is not "commenced" for non-party plaintiffs until written consents are filed.  29 U.S.C. § 256(b); *Putnam v. Galaxy 1 Marketing, Inc.*, 276 F.R.D. 264 (S.D. Iowa 2011).  While BOR recognizes that a collective class may be conditionally certified for the longer three-year statute of limitations despite the existence of a disputed and challenged "willful violation" – as is presented in this case – there is no legal justification for Plaintiffs' request to certify a class exceeding this longer statute of limitations.

As this Court recognized in *Oxford et al. v. Broadband Installations of Iowa*, the three-year statute of limitations would run back three years from the date of the Court's Order, plus equitable tolling for an extension of time granted to the defendant.  Motion, Exhibit C (citing Case: 4:17-cv-00178-SMR-RAW).  If the same logic were applied to the case-at-bar, Plaintiffs' requested notice would need to be limited in time to the three-year period immediately preceding this Court's eventual Order upon the Motion for Conditional Certification plus equitable tolling for the three-week extension of time granted to BOR to file its responsive pleading.

## 2. **Plaintiffs improperly seek the inclusion of non-employees in the putative class.**

Plaintiffs' proposed class contains no limitation to ensure only employees are included within the putative class and notified of the FLSA claims.  It is noted Plaintiffs' Amended Petition expressly limited the FLSA claim to "employees who have not been paid their overtime premiums on the next regular payday."  Amended Petition, ¶ 42 (Emphasis added).  Yet, Plaintiffs' proposed conditional class now seeks to improperly certify a putative class that extends beyond employees to include all who may have "worked" for UIHC.

Plaintiffs' Motion for Conditional Certification describes "individuals who have worked as consultants for Defendants and were classified as independent contractors".  *See* Document 14, p. 14.  However, the FLSA would apply only to covered "employees" who work more than 40 hours a week without receiving compensation for excess time worked "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a); 29 U.S.C. § 203(e)(1) (defining "employee" as "any individual employed by an employer"); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1042 (2016).  This Court has likewise held "A plaintiff pursing FLSA claims must show the existence of an employer-employee relationship."  *Oxford et al. v. Broadband Installations of Iowa et al.*, No. 4:17-cv-00178, Document 47 (S.D. Iowa 2017) (citing *Childress v. Ozark Delivery of Mo. L.L.C.*, 95 F.Supp.3d 1130, 1138 (W.D. Mo. 2015); *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015)).

Plaintiffs fail to cite any legal authority that would support their effort to include consultants or independent contractors within their FLSA claim.  BOR is unaware of any supportive legal authority and have cited above to contrary authorities that would bar such a claim. BOR respectfully submits that any conditionally certified class would need to be limited to UIHC employees – and exclude any other variant of non-employee workers (e.g., consultants, independent contractors).

**3.** __Plaintiffs' FLSA putative class is overly broad and would need to be limited to__
__employees who actually received overtime premiums.__

Plaintiffs' putative class would broadly include all those individuals "'non-exempt' for purposes of overtime pay". *See* Document 14, p. 5. Such a class, however, would undoubtedly include many employees who never became entitled to overtime premiums because the employee never worked the FLSA-required more than 40 hours in a pay period or those employees who declined overtime premiums in lieu of a comp time credit; neither of which would possess any claim rights under Plaintiffs' theory of FLSA liability arguing BOR delayed the payment of overtime premiums.

The FLSA premium overtime requirements do not apply until an employee has worked in excess of the statutory overtime requirement of 40 hours per week. *Conzo v. City of New York*, 667 F. Supp. 2d 279, 284 (S.D.N.Y. 2009). *See also O'Brien v. Town of Agawam*, 350 F.2d 279, 289 (1st Cir. 2003) (distinguishing between contractual overtime and statutory FLSA overtime, and stating that "[f]or purposes of the FLSA, all hours worked under the statutory maximum are non-overtime labor."). An employee, therefore, has no legal right to overtime premiums under the FLSA unless and until the employee has worked the required 40 hours in a pay period.

Plaintiffs' proposed class would broadly include individuals based upon their designation as exempt versus non-exempt without regard for whether the individual ever actually worked more than 40 hours in a pay period necessary to become entitled to any FLSA-required overtime premiums. Such a class would be vastly more expansive than the limited number of persons potentially falling within Plaintiffs' asserted FLSA claim for "employees who have not been paid their overtime premiums on the next regular payday." Amended Petition, ¶ 42. Were this Court to conditionally certify a class, any such class would need to be limited to only those employees who actually received overtime premiums (whether "timely" or not) required under the FLSA.

Notably, Plaintiffs' FLSA claim does not allege BOR failed to pay necessary overtime premiums.  Plaintiffs' FLSA claim has been limited to arguing BOR failed to make overtime premium payments within twelve (12) days of the pay period in which they were earned.  Amended Petition, ¶ 25.  Plaintiffs' complaint, therefore, is confined to arguing over the "promptness" of overtime premium payments rather than actual payment of the overtime premiums themselves.  As a result, Plaintiffs' putative collective class would more appropriately and necessarily be limited to only those employees who were actually paid overtime premiums that Plaintiffs claim should have been provided at an earlier date.

Separately, the FLSA allows for employees of public agencies which are States or political subdivisions of States to receive compensatory time off in lieu of overtime compensation under the FLSA.  29 U.S.C. § 207(o).  Any employee opting to receive compensatory time off in lieu of overtime compensation would not fall within the scope of Plaintiffs' FLSA claim challenging the "promptness" of overtime premium payments.  For this additional reason, any putative collective class should be limited to those employees who were actually paid overtime premiums.

## 4.  Plaintiffs' putative class includes employees that are not "substantially similar" and were not paid pursuant to the same decision, policy, or plan.

Plaintiffs claim "that, pursuant to UIHC's policy of paying overtime wages for all non-exempt workers 'one month in arrears,' UIHC violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay overtime wages in a timely manner."  Document 14, p. 2.  In seeking conditional certification "the burden is on the plaintiff to establish that the members are 'similarly situated'…" *Frazier v. PJ Iowa, L.C.*, 337 F.Supp.3d 848, 862 (S.D. Iowa 2018) (citing *Bouaphakeao*, 564 F.Supp.2d at 891-92).  "The plaintiff can generally meet this burden by showing that 'the putative class members were together the victims of a single decision, policy, or plan.'"  *Frazier*, 337 F.Supp.3d at 862 (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99-100 (S.D. Iowa 2008)).

Plaintiffs argue "UIHC's non-exempt employees were plainly subject to a single policy or plan given that UIHC's stated policy is to pay non-exempt workers their overtime pay at least 'one month in arrears.'"   Document 14, p. 4.   Indeed, plaintiffs acknowledge "[w]hat matters for purposes of conditional certification is that all of UIHC's non-exempt workers are paid their overtime premiums 'one month in arrears.'"   *Id*. at 12.   Plaintiffs are, however, incorrect in characterizing the scope of any such policy and have failed to present any credible evidence to support their contention that such a policy applies to all non-exempt employees.

With their motion, Plaintiffs have submitted for the Court's consideration two (2) declarations in arguing for the existence of a single policy to make overtime adjustments one month in arrears.

First, Plaintiffs submit a declaration from Tosa, a custodian at UIHC, who attests to being aware of a policy whereby overtime pay was not paid until one month after the payment of her base salary.  Document 14-2, ¶ 6.  Tosa further states "[t]o the best of my knowledge, I am paid in the same manner as other custodians working at UIHC." Id. at ¶ 13.  This declaration is ostensibly submitted to support finding a policy applicable to custodians working at UIHC.   Tosa's declaration, however, does nothing to support finding the existence of any broader policy applicable to all non-exempt employees.

Second, Plaintiffs submit a declaration from their attorney in these proceedings, Nathan Willems.  Document 14-1.  Plaintiffs rely upon Willems' declaration for its reference to an attached document.  *See generally* Document 14.  Specifically, Plaintiffs rely upon a document Willems characterizes as "UIHC's Human Resources' policy for Merit, Merit Exempt and Non-Exempt P&S Time Records" to argue the existence of a single policy or plan to pay overtime one month in arrears.  *Id*. at 16.  As indicated by its title, however, this document and the asserted "single policy or plan" would apply only to those employees classified as "Merit, Merit Exempt and Non-Exempt P&S".  Document 14-1, Ex. 1.

Plaintiffs would be required to "provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Id.* at \*5 (quoting *Campbell v. Amana Company, L.P.*, No. C-99-75 MJM, 2001 WL 34152094, \*2 (N.D. Iowa Jan. 4, 2001)). "Although the standard is a lenient one, plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Id.* (quoting *Young v. Cerner Corp.*, 503 F.Supp.2d 1226, 1229 (W.D. Mo. 2007)). This supporting evidence "should include 'evidence that other similarly situated individuals desire to opt in to the litigation' because 'others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.'" *Bouaphakeo*, 564 F.Supp.2d at 893 (quoting *Parker*, 492 F.Supp.2d at 1164-65). Those "who desire to opt-in" must be shown to be "similarly situated with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). "Unsupported assertions that FLSA violations were widespread and that additional plaintiffs exist do not meet this burden." *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08-CV-734-CDP, 2009 WL 211943, at \*2 (E.D. Mo. Jan. 27, 2009) (quoting *Haynes v. Singer, Co.,* 696 F.2d 884, 887 (11th Cir. 1983)).

Plaintiffs' submitted evidence to establish a "single policy or plan" necessary to make claim of "similarly situated" employees is limited to only "Merit, Merit Exempt, and Non-Exempt P&S" employees of UIHC. While Plaintiffs' counsel has referenced other employee classes – in argument only – there has been no evidentiary showing of any claimed "single policy or plan" or "similarly situated" employees beyond the "Merit, Merit Exempt, and Non-Exempt P&S" classes. It would be overly broad and improper to conditionally certify a more expansive putative class absent some supportive evidentiary showing from Plaintiffs. Any putative class would, therefore, need to be limited to the "Merit, Merit Exempt, and Non-Exempt P&S" employees at UIHC.

**5.** **The most-broad putative class under plaintiffs' evidentiary showing.**

The Court should deny Plaintiffs' motion for conditional certification for the reasons set forth herein as well as those put forth within BOR's contemporaneously filed motion to dismiss. However, should the Court proceed to conditionally certify a putative class, BOR maintains Plaintiffs have not made a sufficient evidentiary showing to support a putative class as broadly defined as that set forth within Plaintiffs' motion.  Instead, BOR submits the broadest potential putative class based upon Plaintiffs' evidentiary showing put before the Court would be as follows:

> **Any merit, merit exempt, and nonexempt P&S employee of the University of Iowa Hospitals and Clinics who received overtime pay from [a maximum of 3 years and 3 weeks preceding the Court's Order upon Motion for Conditional Certification] to present.**

While BOR continues to believe Plaintiffs' motion should be denied in full, the afore-stated putative class would be the broadest potential putative class arguably supportable by the evidence submitted to this Court.

**D.     THE COURT SHOULD REJECT THE METHOD OF NOTICE PROPOSED BY PLAINTIFFS BECAUSE IT PRESENTS OPPORTUNITIES FOR IMPROPER SOLICIATION, UNDULY EMPHASIZES PLAINTIFFS' CLAIMS, IS UNNECESSARILY REDUNDANT, AND IS INACCURATE AND FAILS TO INCLUDE RELEVANT INFORMATION.**

For all the reasons stated above, the Court should deny Plaintiffs' request to conditionally certify Count III as a collective action.  However, in the event the Court nonetheless grants conditional certification, BOR objects to the method and form of notice proposed by Plaintiffs.

The Court has authority to facilitate notice to potential plaintiffs in a collective action. *Tegtmeier v. PJ Iowa, L.C.*, 208 F.Supp.3d 1012, 1023 (S.D. Iowa 2016) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989)).  The Court supervises this notice process to ensure that potential plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche,* 493 U.S. at 170.  "Approving notice before it is sent (and resolving any

disputes concerning the notice's contents or form) helps a court 'ensure that [the notice] is timely, accurate, and informative.'" *Tegtmeier*, 208 F.Supp.3d at 1023 (quoting *Hoffmann-La Roche*, 493 U.S. at 172).

In facilitating notice, the Court must be mindful "to avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs…." *Bouaphakeo*, 564 F.Supp.2d at 890 (quoting *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 267 (D. Minn. 1991)). Likewise, the Court should "scrupulously avoid endorsing or appearing to endorse the merits of the underlying claim." *Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 499 (D. Neb. 2009) (citing *Hoffmann–La Roche*, 493 U.S. at 174). The content and method of providing notice "is left to the broad discretion of a district court." *Frazier,* 337 F.Supp.3d at 874.

### 1.  <u>Notice should be limited to first class mail.</u>

Plaintiffs request the Court authorize notice through first class mail, email, and text message. Document 14, pp. 14-15. BOR would not object to providing notice via first class mail. As this Court has recognized, "[f]irst class mail is generally considered to be the best form of notice." *Putman v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277 (S.D. Iowa 2011). BOR disagrees, however, with providing additional notice through email and text message.

"Courts generally require … compelling reasons to allow notice mechanisms beyond first class mail or contact information beyond mailing addresses." *Steinberg v. TD Bank, N.A*., No. 10-CV-5600 RMB-JS, 2012 WL 2500331, at *10 (D.N.J. June 27, 2012); *accord Dashiell v. Cty. of Riverside*, No. EDCV15211JGBSPX, 2015 WL 13764448, at *7 (C.D. Cal. Sept. 18, 2015) (denying Plaintiff's request for e-mail addresses, telephone numbers, dates of birth, and partial social security numbers of eligible individuals because "postal mail is a sufficient method to disseminate notice."); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) ("notification by first class mail is the preferred method in the unique circumstances of class certification notification."). There are good reasons for this. As Judge Bennett recognized in *Harvey v. AB*

*Electrolux*, 857 F. Supp. 2d 815 (N.D. Iowa 2012), "there are legitimate concerns with improper solicitation, even unintentional, and privacy that counsel against providing telephone numbers without some showing that notice by first-class mail is actually insufficient." *Id.* at 820.  Limiting notice to first class mail allows "the greatest number of potential class members to receive notice while minimizing redundancy" and "avoids undue invasions of privacy and undue pressure that can come with multiple messages through multiple avenues." *Brown v. Trinity Prop. Mgmt., LLC*, No. 4:19-CV-617-LPR, 2019 WL 6834018, at *8 (E.D. Ark. Dec. 13, 2019).  Sending notice through email and text is "needlessly repetitive and unnecessary" unless there are "circumstances indicating an unusual amount of difficulty in locating the putative members." *Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023, at *6 (W.D. Ark. July 5, 2018).  Mailed notice also ensures the integrity of the notice process:

> Where it is important to ensure that the most accurate notice possible is provided to the proper audience, notification by first class mail is the preferred method in the unique circumstances of class certification notification.  Such a mailing process ensures the integrity of a judicially controlled communication directed to the intended audience.  In contrast, electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court.  Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process.  In addition, email messages could be forwarded to nonclass members and posted to internet sites with great ease.  First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process.

*Reab*, 214 F.R.D. at 630-31.

Plaintiffs have not identified any compelling reason why notice beyond first class mail is necessary in the case-at-bar.  In light of the concerns that sending notice through multiple channels can be viewed as judicial encouragement of the litigation, and considering the opportunity for improper solicitation and manipulation presented by telephonic and electronic notice, the Court should deny Plaintiffs' request to provide notice through text and email.  Notice should instead be limited to first class mail, which "ensures the integrity of a judicially controlled communication

directed to the intended audience," *see Reab*, 214 F.R.D. at 630-31, and "avoid[s] the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs…." *Bouaphakeo*, 564 F.Supp.2d at 890.

### 2. <u>The opt-in period should be limited to 60 days.</u>

Plaintiffs request a 90-day opt-in period.  Document 14, p. 16.  However, the general rule is that a 60-day period is sufficient for return of consent forms, particularly where the proposed class "is relatively localized and not extremely large." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012).  "While some courts have granted up to 90-day opt-in periods, they generally do so where the period is agreed upon between the parties or special circumstances require an extended opt-in period." *Id.*; *accord Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 618–19 (S.D. Miss. 2015) (stating that "most courts appear to default to a notice period of 60 days … unless potential plaintiffs are difficult to contact because of their locations or other extenuating factors warrant additional time.").  In the absence of such special circumstances, "[s]ixty (60) days is plenty of time to reach potential members of the collectives, and at the same time ensures that this case moves forward expeditiously." *Brown v. Trinity Prop. Mgmt., LLC*, No. 4:19-CV-617-LPR, 2019 WL 6834018, at *8 (E.D. Ark. Dec. 13, 2019).  In *Tegtmeier*, this Court rejected a 90-day opt-in period where the defendant objected to the length, stating that it saw "no need for such an extended period" and that "60 days is sufficient time to notify putative class members and allow them to decide whether to opt-in." *Tegtmeier*, 208 F.Supp.3d at 1025.

Plaintiffs fail to explain why it is necessary to deviate from the standard 60-day notice period.  The putative class would be localized to the Iowa City area and there is no evidence suggesting the putative class would be unusually large or that potential plaintiffs would be difficult to contact.  A 60-day notice period would give potential opt-ins plenty of time to return their consent forms while at the same time ensuring the case moves forward expeditiously.

### 3.  No reminder notices should be sent.

Plaintiffs also request the Court authorize them to mail, email or text a reminder notice to potential opt-ins who have not responded within 45 days of the first notice.  Document 14, p. 16. The Court should reject this request.  "Sending a putative class member notice of this action is informative; sending them a 'reminder' is redundant." *Palma v. Metropcs Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 235478, at *3 (M.D. Fla. Jan. 22, 2014).  Moreover, sending a reminder notice "has the potential to unnecessarily stir up litigation." *Calderon v. Geico Gen. Ins. Co.,* 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011).  It can also be "interpreted as encouragement by the court to join the lawsuit." *Witteman v. Wisconsin Bell, Inc.,* No. 09–CV–440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010); *Knispel v. Chrysler Group LLC*, No. 11–CV–11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) ("There shall not be any 'reminder notice' provided. Plaintiffs have requested such reminder notices in other cases in this district and those requests have been denied because they are unnecessary and could potentially be interpreted as encouragement by the Court to join the lawsuit."); *Robinson v. Ryla Teleservices, Inc.*, No. 11–CV–131, 2011 WL 6667338, at *4 n. 7 (S.D.Ala. Dec. 21, 2011) (adopting the reasoning in *Witteman* and denying the plaintiffs' request to send a reminder notice to the putative class); *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 753–54 (N.D. Ill.2010) (same).

Because of these concerns, many courts reject reminder notices "in the absence of any particular demonstrated necessity warranting another notice." *Islam v. LX Ave. Bagels, Inc.*, No. 18CIV04895RARWL, 2019 WL 5198667, at *12 (S.D.N.Y. Sept. 30, 2019); *Guzelgurgenli*, 883 F.Supp.2d at 358 (denying reminder notice because "Plaintiffs have not identified any reason why a reminder notice is necessary in this particular case"); *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *6 (W.D. Tex. Apr. 16, 2015) (finding a reminder notice inappropriate because "Plaintiffs here have not identified any particular reason why a reminder notice is necessary to ensure sufficient notice under the circumstances of this case."); *Samuel v.*

*Athelas Inst., Inc.*, No. 1:19-CV-00069-JMC, 2019 WL 1573574, at *3 (D. Md. Apr. 11, 2019) (rejecting reminder notice because "Plaintiffs have also not shown special circumstances to necessitate a second reminder notice or anything that would lead this Court to conclude that the initial notice through physical mail and email would be insufficient"); *Santinac*, 107 F. Supp. 3d at 619 (denying reminder notice because the plaintiff did not identify "any particular reason why a reminder notice is necessary").

Plaintiffs have not identified any particular reason why the circumstances of this case necessitate a reminder notice.  In the absence of such special circumstances, the risks posed by sending a reminder notice outweigh any benefit.  Accordingly, Plaintiffs' request for a reminder notice should be denied.

**4.  The Court should adopt BOR's proposed notice as more accurate, informative, and neutral.**

Plaintiffs have filed a proposed form of notice.  *See* Document 14-4.  BOR objects to Plaintiffs' proposed notice.  BOR has revised Plaintiffs' notice to make it more accurate and neutral, and to provide additional information potential opt-ins should be aware of in order to make an informed decision.  A copy of BOR's proposed notice is being submitted herewith.  BOR requests should the Court opt to proceed with conditional certification the Court approve BOR's notice in lieu of Plaintiffs' proposed notice.  The proposed revisions are summarized below.

**A.  Header and Introductory Paragraph.**  The header and introductory paragraphs were revised to make the notice more neutral and accurate.  The purpose of the notice is not to "allow" opt-ins to join the lawsuit, but rather to inform them of the lawsuit, set forth their rights with respect to the lawsuit, and explain how potential opt-ins can exercise their right to participate *or not participate* in the lawsuit.  In addition, because the header contains the case caption and name of the court, a disclaimer has been added to ensure that potential opt-ins do not misconstrue this notice as judicial support for Plaintiffs' litigation.  *See Martinez*, 265 F.R.D. at

499 (requiring similar disclaimer language to be directly below the case caption); *Frazier*, 337 F.Supp.3d at 874 (requiring similar disclaimer language in bold font).

  **B.** **"Description of Lawsuit" Paragraph.** The reference to a "primary" claim was deleted.  The description of the FLSA claim was revised to more accurately reflect the allegations in the Amended Complaint.  Plaintiffs have not alleged that UIHC's "policy of paying overtime premiums to employees that it labels as non-exempt" violates the FLSA as is stated in Plaintiffs' proposed notice.  *See* Plaintiffs' Proposed Notice at ¶ 1. Indeed, such an allegation would be non-sensical.  Instead, Plaintiffs have alleged UIHC's policy of paying overtime premiums one-month in arrears violates the prompt payment requirement of the FLSA.  Finally, the description of the state law claims was deleted because those claims are not the subject of the notice.  All of these changes are appropriate to make the notice more accurate and informative, *see Tegtmeier*, 208 F.Supp.3d at 1023, and to make the notice more neutral and therefore "avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs…." *Bouaphakeo*, 564 F. Supp. 2d at 890.

  **C.** **"Your Rights" Paragraph.** The paragraph heading "Your Right to Make a Claim in this Lawsuit" was replaced with "Your Right to Participate or Not Participate in the FLSA Claim."  This is more neutral and accurately reflects that the notice is giving potential opt-ins the right to join *or not join* in the FLSA claim.  Subparagraphs were added to (1) set forth the definition of the collective, (2) explain the recipient's right to join the lawsuit and how to exercise that right, and (3) also explain the recipient's right to *not join* the lawsuit and how to exercise that right.  These changes make the notice more accurate, informative, and neutral.  *Tegtmeier*, 208 F.Supp.3d at 1023; *Bouaphakeo*, 564 F.Supp.2d at 890.

  **D.** **"How to Make a Claim" Paragraph.** This paragraph was somewhat redundant of information included in the "Your Rights" paragraph and the information naturally

fits within the "Your Rights" paragraph.  Thus, this paragraph was deleted as a separate paragraph and the information was added to the "Your Rights" paragraph.

        **E.**    **"The Legal Effect" Paragraph.**  Additional information was added to more fully explain the legal effects of opting-in to the lawsuit, including:

- The court might later decide the putative plaintiff is not a proper member of the collective.  *See Frazier*, 337 F.Supp.3d at 876.

- The putative plaintiff may be asked to provide information, sit for depositions, and testify in court.  *See Am. Maxwell v. Tyson Foods, Inc.*, No. 1:08-cv-0017-JAJ, 2009 WL 10637245, at *6 (S.D. Iowa Nov. 6, 2009).

- The putative plaintiff has the right to hire his or her own lawyer to represent them in the collective action.  *See Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011).

- If Plaintiffs do not prevail on their claims, they could be liable for court costs and expenses.  *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1128 (D.N.M. 2017); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 524 (N.D. Tex. 2014).

The above courts have found this information is necessary to make the notice accurate and to enable potential opt-ins to make an informed decision.  Accordingly, this information should be included in the notice.

        **5.**    **The Court should adopt BOR's proposed opt-in consent form.**

Plaintiffs have also filed a proposed opt-in consent form.  *See* Document 14-5.  BOR requests two revisions to the form.

First, paragraph 3 of Plaintiffs' proposed consent form states "During that time, I worked more than forty hours per week and did not receive proper overtime, calculated as one-and-one half times my regular rate."  However, Plaintiffs' FLSA claim does not allege BOR failed to pay

overtime or failed to properly calculate overtime premiums.  Rather, Plaintiffs claim UIHC has a policy of paying overtime premiums one month in arrears that violates the prompt payment requirement of the FLSA.  *See* Document 14, p. 2.  Accordingly, BOR has revised paragraph 3 of the consent form to state "During that time, I received overtime pay that was paid one month in arrears."

The second change is to allow the opt-ins to elect to hire their own attorney at their own expense.  Plaintiffs' proposed consent form automatically designates Plaintiffs' counsel as the opt-in's attorney.  Courts have held that participation in a collective action should not be conditioned upon the opt-in agreeing to be represented by plaintiff's counsel and that opt-ins should have the right to retain their own attorney to appear for them in the collective action.  *See, e.g., Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 702-03 (S.D. Tex. 2016) (holding that the consent form should allow opt-ins to hire their own attorney because the advantages of a collective action should not be denied to an opt-in merely because they want to retain counsel of their choosing); *Heaps*, 2011 WL 1325207, at *9 (collecting cases and holding that potential plaintiffs should be informed of their right to retain counsel of their choosing to represent them in the action). Accordingly, BOR has revised the consent form to allow the opt-in to choose either to have Plaintiffs' counsel represent them or to hire their own attorney at their own expense.

BOR's proposed consent form with these changes is attached.  BOR requests, should the Court opt to proceed with conditional certification, the Court adopt BOR's proposed consent form in lieu of Plaintiffs' proposed form.

## CONCLUSION

For all of the foregoing reasons, BOR requests the Court deny Plaintiffs' Motion for Conditional Certification.

*/s/ Andrew T. Tice*
Andrew T. Tice (AT0007968)
Jason M. Craig (AT0001707)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
(515) 243-7611
(515) 243-2149
atice@ahlerslaw.com
jcraig@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS**

**Electronically filed and served**.

Nathan Willems (AT00009260)
RUSH & NICHOLSON, PLC
115 1ˢᵗ Ave. SE, Suite 201—PO Box 637
Cedar Rapids, IA 52406-0637
(319) 363-5209
(319) 363-6664 (fax)
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, PC
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
hlichten@llrlaw.com
bjweber@llrlaw.com
**ATTORNEYS FOR PLAINTIFFS**

01676311-1\14722-494

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: | | | February 12, 2020 |
| By: ☐ | U.S. Mail | ☐ | Fax |
| ☐ | Hand delivery | ☐ | Private Carrier |
| ☒ | Electronically (*via CM/ECF*) | ☐ | E-mail |
| Signature: | *Pam Norelius* | | |