UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MELINDA MYERS, et al., on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>IOWA BOARD OF REGENTS,<br><br>　　　　　Defendant. | No. 3:19-cv-00081-SMR-SBJ<br><br>SECOND AMENDED<br>CLASS ACTION PETITION |

## I. INTRODUCTION

Plaintiffs Melinda Myers, Barbara Stanerson, John Eivins, and Liv Kelly-Sellnau are employees who provide healthcare at the University of Iowa Hospitals and Clinics ("UIHC").[1] Plaintiffs and the other health care providers at UIHC are paid a salary on a monthly basis. In addition to their base salary, the health care professionals earned additional wages for, among other things, working extra hours, working night or overnight shifts, working weekends, or working beyond their scheduled hours. However, UIHC maintains a policy and practice of not paying these additional wages on at the end of the pay period in which they are earned or within twelve days thereafter as required by Iowa law. Instead, these health care workers are routinely not paid their wages until one or two months after the period in which they were earned. Additionally, when health care providers' employment is terminated, UIHC fails to pay all wages earned, including vacation pay, on the next regular payday.

---

[1] The pay practices referenced in this lawsuit are applicable to a bargaining unit working at UIHC that consists primarily of staff nurses but also includes other job titles such as physical therapists, lab technicians, occupational therapists, and physician's assistants.

EXHIBIT A

Furthermore, UIHC employs blue-collar workers, such as custodians, that it has classified as eligible for overtime pay. Plaintiffs Christopher Taylor and Shuna Tosa, who worked for UIHC as custodians, and other employees UIHC has classified as overtime-eligible, earn overtime pay when they work more than 40 hours a week. UIHC, however, fails to timely pay the overtime-eligible employees their overtime pay. Rather, UIHC does not pay overtime-eligible employees their overtime pay for as long as 40 days after the overtime was due and payable. This practice violates both Federal and Iowa state law.

Pursuant to the Iowa Wage Payment and Collection Law ("IWPCL"), an employer is required to pay all wages earned within twelve days, excluding Sundays and legal holidays, "after the end of the period in which the wages were earned." Iowa Code Chapter 91A.3(1). UIHC fails to pay its health care workers their wages in a timely manner in violation of Iowa Code Chapter 91A.3(1). In addition, UIHC fails to pay employees it has classified as overtime eligible, such as custodians, overtime pay in a timely manner in violation of Iowa Code Chapter 91A.3(1) and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiffs, therefore, file this Class Action Petition on behalf of themselves and all others similarly situated, against the Iowa Board of Regents, for failure to pay earned wages and overtime pay in a timely manner in violation of the IWPCL and the FLSA.

In addition, an employer in Iowa must "pay all wages earned… by the employee up to the time of the… termination not later than the next regular payday." Iowa Code Chapter 91A.4. UIHC, however, has a practice of failing to pay terminated employees all of their wages earned, including vacation pay, on the next regular pay day in violation

of Iowa Code Chapter 91A.4. Plaintiffs, therefore, further file this Class Action Petition against the Iowa Board of Regents on behalf of themselves and another class for failure to pay terminated employees all wages earned in a timely manner in violation of the IWPCL.

### III. PARTIES

1. Plaintiff Melinda Myers is a resident of Linn County, Iowa. Myers is currently employed as a staff nurse at UIHC.

2. Plaintiff Barbara Stanerson is a resident of Johnson County, Iowa. Stanerson is currently employed as a physical therapist at UIHC.

3. Plaintiff John Eivins is a resident of Iowa County, Iowa. Eivins is currently employed as a staff nurse at UIHC.

4. Plaintiff Liv Kelly-Sellnau is a resident of Linn County, Iowa. Sellnau was formerly employed as an advanced registered nurse practitioner at UIHC until approximately April 21, 2019.

5. Plaintiff Christopher Taylor is a resident of Washington County, Iowa. Taylor was formerly employed as a custodian at UIHC

6. Plaintiff Shuna Tosa is a resident of Linn County, Iowa. Tosa is employed as a custodian at UIHC.

7. Plaintiffs, within the past two years, have been employees of University of Iowa Hospitals and Clinics within the definition of "employee" in Iowa Code § 91A.2.

8. Defendant Iowa Board of Regents is a government or governmental subdivision or agency which operates a hospital and clinics at the University of Iowa ("UIHC").

9. UIHC is an "employer" within the definition of Iowa Code § 91A.2.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A, as well as, general jurisdiction over Plaintiffs' federal claim.

2. Pursuant to Iowa Code § 617.3 venue is proper in Johnson County because the Plaintiffs have performed their work for Defendant in Johnson County.

## IV. BACKGROUND

3. Plaintiffs and those similarly situated have worked at UIHC at several locations in eastern Iowa.

4. Defendant pays these health care workers a monthly base salary as well as certain additional wages.

5. In addition to their base wages, UIHC health care providers in this case earn wages for things such as hours worked beyond a scheduled shift, working the night shift, working overnight, working during a weekend, and shifts that are beyond their regular schedule. They also are entitled to overtime pay (time and a half) when the health care provider works more than 240 hours in a six-week period.

6. Defendant pays these health care workers on the first of each month for the work performed the prior month. The health care workers receive a monthly base salary of one-twelfth of the of their annual base salary.

7. Defendant, however, has a policy for the payment of additional wages which results in the wages not being paid to the workers until much later.

8. For example, on May 6, 2019, Plaintiff Melinda Myers, a staff nurse, worked an additional three hours beyond her regularly scheduled shift at the direction of

Defendant. In addition to her regular pay, Myers earned and was owed an additional $17.48 premium per extra hour.

9. The pay period for the work performed by Myers in May ended on May 31, 2019.

10. Pursuant to Defendant's schedule, however, Myers did not receive her additional $17.48 per extra hour for the work performed on May 6, 2019, until August 1, 2019, 87 days after she worked those extra hours and 62 days after the May pay period in which she earned these wages.

11. Thus, Defendant failed to pay Myers' wages within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

12. As another example, Plaintiff Stanerson, a physical therapist, worked an extra shift on December 21, 2018, and earned wages of approximately $425.41 for working the extra eight-hour shift. The pay period for work performed in December 2018 ended on December 31, 2018. Stanerson, however, was not paid her wages until February 1, 2019, which was 42 days after she worked the extra shift and 32 days after the December 2018 pay period ended.

13. Thus, Defendant failed to pay Stanerson's full wages within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

14. In addition, Defendant has a policy for payment of wages earned to terminated employees which results in terminated employees failing to receive all earned wages on the next regular payday.

15. As an example, Plaintiff Sellnau, a nurse practitioner, had her last day of employment at UIHC on or about April 21, 2019. The termination of her employment thus took place during the pay period for work performed in April 2019 ending on April 30, 2019. Sellnau, however, did not receive her earned vacation pay on the next regular payday on May 1, 2019. Instead, Sellnau received her accrued vacation pay on June 1, 2019, which was 31 days after the April 2019 pay period ended.

16. Thus, Defendant failed to pay Sellnau's wages earned at time of termination by the next regular payday in violation of §91A.4 of the IWPCL.

17. Defendant also employs workers that it has classified as non-exempt from overtime, such as custodians. These non-exempt employees earn overtime pay when they work more than 40 hours in a workweek. Defendant, however, has a policy for payment of overtime wages earned by non-exempt employees which results in non-exempt employees failing to receive their overtime pay on the next regular payday. Non-exempt employees may also be paid shift differential wages and these wages are also not paid on the next regular payday.

18. Plaintiff Shuna Tosa is employed by Defendant as a custodian and was classified as non-exempt from overtime. When Tosa works more than 40 hours in a workweek, in addition to her base hourly rate, she earns a one-half overtime premium for each hour over 40. On the following regular payday, however, Defendant only pays Tosa her base rate for her work during the pay period. Tosa is not paid her overtime pay until the following payday, well more than 30 days after the overtime is worked.

19. For example, during the workweek from May 6 to May 12, 2018, Tosa worked 59 hours. She was paid her base rate for working 40 hours that week on June

1, 2018. She was not paid for her 19 hours of overtime work, however, until July 1, 2018

20. Thus, Defendant fails to pay Tosa's overtime pay within twelve days, not including Sundays and legal holidays, after the pay period in which it was earned in violation of the IWPCL.

21. Defendant has engaged in the practices described in the preceding paragraphs willfully and intentionally, and for all putative class members in this case.

## V.   CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Classes identified below.

23. Plaintiffs bring Count I of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers and other non-exempt employees who have worked at UIHC within the past two years of the date of filing of the original Petition, and who were subject to the policy described above of not being paid their earned wages within twelve days of the pay period in which it was earned. Count I applies to the claims of the healthcare providers who are part of the "Wages Class" defined below and the class of individuals who are classified by Defendant as non-exempt from overtime pay who are part of the "Overtime Class" defined below.

24. Plaintiffs bring Count II of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of themselves and all former, current and future health care providers who have worked at UIHC who did not receive their accrued

vacation on the next regular payday after terminating their employment. This class will be referred to herein as the "Termination Pay Class."

25. Plaintiffs bring Count III of this lawsuit as a class action pursuant to Iowa Rule of Civil Procedure 1.262 and as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all former, current, and future employees who UIHC classified as non-exempt from overtime pay who were subject to the policy described above of not being paid their overtime premiums within twelve days of the pay period in which they were earned. This class will be referred to herein as the "Overtime Pay Class."

26. Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to Iowa Rule of Civil Procedure 1.262, and thereafter, as necessary.

**A.     The Wages Class**

27. Plaintiffs, as employees who have not been paid in a timely manner consistent with Iowa Code § 91A.3, are representative of the Wages Class, which is an ascertainable class that is comprised of employees working on behalf of Defendant in Iowa.

28. Upon information and belief, the membership of the Wages Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant

29. Both the Wages Class so numerous that joinder of all members is impracticable.

30. There are questions of law and facts common to each member of the Wages Class. Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime, extra time, shift premiums or other wages violates the IWPCL, § 91A.3.

31. Plaintiffs' claims are typical of the claims of absent members of the Wages Class.

32. Plaintiffs' claims also fairly encompass the claims of absent members of the Wages Class. Moreover, Plaintiffs and absent members of the Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff and related health care professionals.

33. It is further appropriate to proceed with this action on behalf of the Wages Class members because:

    a. A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

    b. The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

    c. As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

  d. The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Wages Class, rendering class judgment appropriate to the Class as a whole; and

  e. The questions of law and fact common to the members of the Wages Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

**B. The Termination Pay Class**

34. Plaintiff Sellnau is representative of a Termination Pay Class of employees who have not been paid accrued vacation or qualifying sick leave pay on the next regular payday after terminating their employment.

35. Upon information and belief, the membership of the Termination Pay Class likely includes more than 200 individuals, the exact number of past and current such class members being known to Defendant.

36. The Termination Pay Class is so numerous that joinder of all members is impracticable.

37. There are questions of law and facts common to each member of the Termination Pay Class. Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for vacation pay upon termination violates the IWPCL, § 91A.4.

38. Plaintiff Sellnau's claims are typical of the claims of absent members of the Termination Pay Class.

39. Plaintiff Sellnau's claims also fairly encompass the claims of absent members of the Termination Pay Class. Moreover, Plaintiff Sellnau and absent members of the Termination Pay Class are similarly situated and have been harmed by the Defendant's pay policies which are universally applied to all nursing staff.

40. It is further appropriate to proceed with this action on behalf of the Termination Pay Class members because:

    f. A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

    g. The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

    h. As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

    i. The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

    j. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

41. Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis. The lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

### C. Overtime Pay Class

42. Plaintiffs Taylor and Tosa are representative of an Overtime Pay Class of employees who have not been paid their overtime premiums on the next regular payday and have claims pursuant to Count I (IWPCL) and Count III (FLSA).

43. Upon information and belief, the membership of the Overtime Pay Class likely includes more than 2,000 individuals, the exact number of past and current such class members being known to Defendant.

44. The Overtime Pay Class is so numerous that joinder of all members is impracticable.

45. There are questions of law and facts common to each member of the Overtime Pay Class. Such common questions include, but are not limited to: Whether Defendant's standard practice and timing of payments for overtime premiums violates the IWPCL, § 91A.3 and the FLSA, 29 U.S.C. § 207.

46. Plaintiff Taylor and Tosa's claims are typical of the claims of absent members of the Overtime Pay Class.

47. Plaintiff Taylor and Tosa's claims also fairly encompass the claims of absent members of the Overtime Pay Class. Moreover, Plaintiff Taylor and Tosa and absent members of the Overtime Pay Class are similarly situated and have been

harmed by the Defendant's pay policies which are universally applied to all non-exempt staff.

48. It is further appropriate to proceed with this action on behalf of the Overtime Pay Class members because:

    k. A joint and common interest exists among members of the Class who have all suffered from untimely payment of their wages;

    l. The prosecution of actions by individual members of the Class would be impractical and, furthermore, create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

    m. As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests;

    n. The Defendant, by enacting pay policies generally applicable to all of its nursing staff, has on grounds generally applicable to the Class, rendering class judgment appropriate to the Class as a whole; and

    o. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

49. Plaintiffs have retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a class-wide basis. The

lawyers have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

## COUNT I
### VIOLATION OF IWPCL, § 91A.2, § 91A.3.

50. Plaintiffs incorporate by reference paragraphs 1 through 33 and 42 through 49 of this Class Action Petition as if fully set forth herein.

51. By failing to make payment of wages earned as described in these paragraphs to both health care workers who are part of the Wages Class and non-exempt workers who are part of the Overtime Class in a timely manner, Defendant has violated Iowa Code § 91A.3.

52. Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

## COUNT II
### VIOLATION OF IWPCL, §91A.2, §91A.4.

53. Plaintiffs incorporate by reference paragraphs 1 through 41 of this Class Action Petition as if fully set forth herein.

54. Vacation payments upon termination are wages within the definition in Iowa Code §91A.2.

55. By failing to make payment of wages earned as described in these paragraphs in a timely manner, Defendant has violated Iowa Code § 91A.4.

56. Defendant's violation of the IWPCL is intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2.

## COUNT III
VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

57. Plaintiffs incorporate by reference paragraphs 1 through 33 and 42 to 49 of this Class Action Petition as if fully set forth herein.

58. By failing to make payment of overtime premiums earned as described in these paragraphs in a timely manner, Defendant has violated both the Iowa Code § 91A.3 and the Fair Labor Standards Act, 29 U.S.C. § 207.

59. Defendant's violation of the FLSA is willful, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court enter the following relief:

1. An order permitting this litigation to proceed as a class action pursuant to Iowa Rule of Civil Procedure 1.262 on behalf of all classes;

2. An order permitting this litigation to proceed as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b) on behalf of the Overtime Pay Class;

3. An order of judgment in favor of Plaintiffs and others similarly situated awarding them any unpaid wages, plus an additional equal amount in liquidated damages for the untimely payment of wages;

4. An award of attorney's fees, costs, and interest;

5. Injunctive and declaratory relief requiring Defendant to comply with the IWPCL and FLSA and cease its illegal practices;

6. Any other relief to which Plaintiffs and the Class members may be entitled.

Respectfully submitted,

PLAINTIFFS MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA on Behalf of Themselves and Others Similarly Situated

By their attorneys,

/s/ Nathan Willems
NATHAN WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P. O. Box 637
Cedar Rapids, IA  52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bjweber@llrlaw.com