IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA on Behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>IOWA BOARD OF REGENTS,<br><br>    Defendant. | CASE NO.: 3:19-cv-00081-SMR-SBJ<br><br>**DEFENDANT'S MOTION TO AMEND ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL OR, ALTERNATIVELY, TO CERTIFY QUESTIONS TO THE IOWA SUPREME COURT**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Iowa Board of Regents ("the Board"), pursuant to Federal Rule of Appellate Procedure 5(a)(3), moves the Court to amend its March 29, 2022 Order on Plaintiff's Motion for Partial Summary Judgment to certify the order for interlocutory appeal or, alternatively, moves the Court to certify questions to the Iowa Supreme Court pursuant to Iowa Code chapter 684A. In support of this Motion, the Board states as follows:

1.  On March 29, 2022, the Court entered its Order granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment ("Order"). The Court entered partial summary judgment in favor of Plaintiffs on Count I, finding as a matter of law that UIHC's practice of paying salary adjustments one month in arears violated Iowa Code section 91A.3(1) and UIHC is liable for liquidated damages pursuant to Iowa Code section 91A.8. The Court denied summary judgment on Count II.

2.  While partial summary judgment orders are generally not final and immediately appealable, a "partial summary judgment is immediately appealable if the district court … certifies

it as an interlocutory appeal under 28 U.S.C. § 1292(b)." *Porter v. Williams*, 436 F.3d 917, 919 (8th Cir. 2006).

3. Section 1292(b) provides that a district court may certify a non-final order for interlocutory appeal if it finds that (1) it involves a controlling question of law, (2) there is substantial ground for difference of opinion on the issue, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

4. "If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3).

5. Pursuant to Federal Rule of Appellate Procedure 5(a)(3), the Board hereby requests that the Court amend its March 29, 2022 Order to make the required findings and certify it for immediate appeal under 28 U.S.C. § 1292(b).

6. The Court's Order presents the following controlling questions of law:

   a. Whether an employee's written agreement to be bound by an employer's policies which provide for payment of salary adjustments one month in arrears can qualify as a "written agreement" to vary the timing requirements of section 91A.3(1);

   b. Whether an employer can be liable for liquidated damages under Iowa Code section 91A.8 when there are no unpaid wages owed to the employee; and

   c. Whether an employer's good faith but mistaken belief that its pay practices comply with chapter 91A is sufficient to avoid the imposition of liquidated damages.

7. There is substantial ground for difference of opinion on these issues and an immediate appeal could materially advance the ultimate termination of the litigation. Accordingly, the Court should amend its March 29, 2022 Order to certify it for immediate appeal.

8. Alternatively, the Board hereby requests that the Court certify these same controlling questions of law to the Iowa Supreme Court pursuant to Iowa Code section 684A.1. Certification is proper because these questions may be determinative of this case and there is no controlling precedent from the Iowa Supreme Court.

9. The Board also requests that the Court stay this proceeding pending resolution of the interlocutory appeal or certified questions.

10. The Board has filed, and incorporates herein by reference, a Brief in Support of this Motion.

11. The Board requests to be heard in oral argument on this Motion.

WHEREFORE, for the reasons stated above and good cause shown, Defendant Iowa Board of Regents requests that the Court amend its March 29, 2022 Order to certify it for immediate appeal or, alternatively, certify questions to the Iowa Supreme Court, stay this proceeding pending resolution of the interlocutory appeal or certified question, and grant such other and further relief as the Court deems just and proper.

*/s/ Jason M. Craig*
Andrew Tice (AT0007968)
Jason M. Craig (AT0001707)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
atice@ahlerslaw.com
jcraig@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANT
IOWA BOARD OF REGENTS**

**Electronically filed and served:**

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Ste. 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, PC
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
hlichten@llrlaw.com
bjweber@llrlaw.com
**ATTORNEYS FOR PLAINTIFFS**

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: April 8, 2022 | | | |
| By: ☐ | U.S. Mail | ☐ | Fax |
| ☐ | Hand delivery | ☐ | Private Carrier |
| ☒ | Electronically (*via CM/ECF*) | ☐ | E-mail |
| Signature: */s/ Jason M. Craig* | | | |