Exhibit A

## SETTLEMENT AGREEMENT

Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa (referred to jointly as "Plaintiffs") and Defendant Iowa Board of Regents (referred to as "the Board") (collectively, the "Parties") hereby agree to the following binding agreement ("Settlement Agreement") of the claims brought in the lawsuit captioned Myers, et al. v. Iowa Board of Regents, No. 3:19-cv-00081-SMR-SBJ (the "Lawsuit") involving the work performed by all former, current, and future University of Iowa Hospitals and Clinics ("UIHC") health care workers and blue-collar employees (collectively referred to as the "Plaintiffs").

The Plaintiffs allege that the Board violated the Iowa Wage Payment Collection Law ("IWPCL") by failing to pay certain wages in a timely manner as required by Iowa Code chapter 91A. In addition, Plaintiffs alleged that overtime payments issued to blue-collar employees were made late in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. Furthermore, Plaintiffs alleged that the Board violated the IWPCL by failing to pay some wages after an employee's termination in a timely manner. UIHC denies all claims and asserts that all required wage payments were timely, and that even if there was a delay, the plaintiffs have no remedy at law or in equity against the Board.

This Agreement is intended to resolve all of the claims against the Board, State University of Iowa, the State of Iowa, and UIHC brought by Plaintiffs or which could have been brought related to these claims, known or unknown, foreseen or unforeseen, on behalf of themselves and those similarly situated as described below. This agreement and any representations herein shall not be deemed to be an admission of any kind on behalf of Defendant that they have violated any law or regulation, and they specifically deny that their conduct was in any way unlawful.

## I.    RECITALS

**WHEREAS**, Plaintiffs filed a Petition on August 19, 2019 in the Iowa District Court for Johnson County, alleging that they and similarly situated individuals were paid amounts above their base wages (referred to as "adjustments") too late in violation of the IWPCL, Iowa Code, § 91A.3 (referred to as "Count I" or the "Wages Class"). In October 2019, Plaintiffs amended the Petition to add claims that accrued vacation was paid late upon termination in violation of Iowa Code chapter § 91A (referred to as "Count II" or the "Termination Class"), and on behalf of all similarly situated individuals under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for alleged failure to pay overtime in a timely manner (referred to as "Count III" or the "Overtime Class").

**WHEREAS**, on October 25, 2019, the Board removed the Lawsuit to the United States District Court for the Southern District of Iowa ("District Court").

**WHEREAS**, on January 8, 2020, Plaintiffs filed a motion for conditional certification and issuance of opt-in notice of Plaintiffs' FLSA claim (Count III).

1

**WHEREAS**, on February 12, 2020, the Board filed a motion to dismiss Plaintiffs' FLSA claim (Count III) on the basis of sovereign immunity.

**WHEREAS**, on May 5, 2020, the District Court denied the Board's motion to dismiss Count III and granted Plaintiffs' motion for conditional certification. The Court conditionally certified the following class pursuant to § 216(b) of the FLSA including: All individuals who worked for the University of Iowa Hospitals and Clinics from January 8, 2017, to the present and were classified as merit, merit-exempt, or non-exempt P&S for purposes of overtime pay (the Overtime Class).

**WHEREAS**, on May 19, 2020, the Board filed an interlocutory appeal of the District Court's ruling on sovereign immunity to the Eighth Circuit Court of Appeals. On July 9, 2020, the District Court stayed proceedings on Plaintiffs' FLSA claim (Count III)(but not Plaintiffs' state law claims within Counts I and II) pending a ruling by the Eighth Circuit Court of Appeals on the Board's sovereign immunity defense.

**WHEREAS**, on July 21, 2020, Plaintiffs filed a Second Amended Petition with leave of the court to assert all counts on behalf of both exempt and non-exempt blue collar workers.

**WHEREAS**, on May 17, 2021, the District Court certified a Wages Class (Count I) including: All individuals who have worked for UIHC since August 19, 2017 as members of the SEIU bargaining unit ("health care professional bargaining unit") or October 7, 2017 as a 'Merit, Merit Exempt, and Non-Exempt P&S' employee ("blue collar workers"), respectively, who have not received their earned wages until more than twelve days, excluding Sundays and legal holidays, after the end of the period in which the wages were earned.

**WHEREAS**, on May 17, 2021, the District Court further certified a Termination Class (Count II) including: All individual members of the SEIU bargaining unit ("health care professional bargaining unit") or "Merit, Merit Exempt, and Non-Exempt P&S" employees ("blue collar workers") who have worked for UIHC since October 7, 2017 and have since terminated their employment who have not been paid accrued vacation pay, or unused accumulated sick leave not to exceed $2,000 where the employee retired at age 55 or older, by the next regular payday after their employment was terminated.

**WHEREAS**, the Board provided three (3) class lists and on June 18, 2021, Plaintiffs sent out court-approved notices to approximately 11,265 class members within Counts I and II. Plaintiffs received 102 exclusion requests.

**WHEREAS**, on March 29, 2022, the District Court granted Plaintiffs' motion for partial summary judgment for the Wages Class (Count I), holding that the Board was liable for the late payment of wages under the IWPCL. In the same order, the District Court denied Plaintiffs' motion for partial summary judgment for the Termination Class (Count II), holding that Plaintiffs had failed to bring a valid claim for the late payment of vacation and sick pay upon termination.

**WHEREAS**, on April 5, 2022, the Eighth Circuit Court of Appeals affirmed in part, and reversed in part the District Court's ruling on the Board's motion to dismiss on sovereign immunity grounds the FLSA claim (Count III).  The Eighth Circuit Court of Appeals vacated the District Court's ruling and remanded for further findings as to whether the legal consequences of UIHC's policies and agreements can be imputed to the Board.

**WHEREAS**, on August 15, 2022, the Parties participated in a mediation session conducted by retired federal judge Mark Bennett.  Prior to the mediation, the Board provided Plaintiffs with data showing when adjustments were earned and when they were paid for approximately 11,065 UIHC employees for all pay periods believed to include allegedly "delayed" payments from August 2017 to October 2020 for employees in the SEIU bargaining unit and from October 2017 to September 2020 for non-exempt P&S staff and blue collar workers in the AFSCME bargaining unit.

**WHEREAS**, Plaintiffs' Counsel have analyzed and evaluated the merits of the claims made against the Board in the Lawsuit related to late payment of wages, conducted interviews with Plaintiffs, conducted depositions, obtained and reviewed documents relating to the Board's compensation policies and practices, and analyzed compensation data that they obtained from the Board prior to the mediation, and based upon their analysis and evaluation of a number of factors, and recognizing the risks of litigation, are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate under the circumstances, and considering the defenses which the Board will assert to bar payment, that this Settlement Agreement is in the best interests of Plaintiffs and the members of the classes certified by the Court; and

**WHEREAS**, the Board denies that it is liable to or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Nonetheless, to avoid incurring additional costs in the Lawsuit and without admitting or conceding any liability or damages whatsoever, the Board has agreed to settle the Plaintiffs' claims on the terms and conditions set forth in this Settlement Agreement;

## II.   SETTLEMENT CONSIDERATION

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Settlement Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

1.     This settlement is on behalf of Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa and all members of the Wages Class (Count I), Termination Class (Count II), and Overtime Class (Count III).

2.     In connection with this Settlement, and with the Court's approval Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa agrees to stipulate to a dismissal of the Lawsuit with prejudice, including the dismissal of any and all claims asserted within the Lawsuit.  Plaintiffs agree that each party to the

Lawsuit shall bear their own fees and costs incurred and/or which would be attributable to the Lawsuit except as otherwise expressly stated within this agreement.

3.      This Settlement Agreement will resolve all claims raised in this case, including those of late payment claims under the IWPCL, late termination pay claims under the IWPCL, and late payment of overtime under the FLSA for all individuals identified in the class lists produced by the Board and who did not opt-out of the Lawsuit.  Upon Court approval of the notice and opt-out procedure described below, all claims by Plaintiffs and class members related to late payment claims and termination pay claims pursuant to the IWPCL will be released, while claims under the FLSA will be released after opting in to this case.

4.      The claims of Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa and all members of the Wages Class, Termination Class, and Overtime Class are settled for the combined total of Fifteen Million Dollars ($15,000,000.00), except as provided herein.  This sum (the "Total Settlement Amount") includes, subject to Court approval: (a) Plaintiffs' Counsel's attorneys' fees in an amount not to exceed 22.5 percent of the Total Settlement Amount; (b) a service award to Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa not to exceed $10,000 each, (c) each individual Wages Class, Termination Class, and Overtime Class member's (referred to jointly as "Class Settlement Members" or individual as "Class Member") proportionate settlement share, and (d) all costs incurred in administering this settlement.

5.      After subtracting the amounts itemized in Paragraph 4(a), (b), and (d) from the Total Settlement Amount, the balance of the funds ("Net Settlement Amount") shall be apportioned among all Class Settlement Members as follows:

   a.   For those individuals in the Overtime Class, the amount of $100 will be deducted from the Net Settlement Amount (prior to the determination of *pro rata* individual settlement shares for the Wages Class) and allocated to each Class Member who worked over 40 hours in a week and was eligible to receive overtime pay under the FLSA so that each opted-in FLSA-eligible Class Member receives $100 in exchange for his/her release of FLSA claims.

   b.   For those individuals in the Termination Class, the amount of $50 will be deducted from the Net Settlement Amount (prior to the determination of *pro rata* individual settlement shares for the Wages Class) and allocated to each Class Member whose employment with UIHC was terminated at any point from October 7, 2017 to the date of this Settlement Agreement and who was eligible to bring a claim for late termination pay under the IWPCL so that each Termination Class member receives $50 in exchange for his/her release of their termination pay claim.

   c.   For those individuals in the Wages Class, after the deductions listed above, each Class Member will be allocated *pro rata* shares of the remaining settlement funds based upon the amount calculated by Plaintiffs' expert from the payment data provided by the Board.

4

6.     Within 14 days of the execution of this agreement, the Board will provide Plaintiffs' counsel with updated mailing addresses, email addresses, and phone numbers for Class Settlement Members.  In addition, the Board will provide Plaintiffs' counsel with data allowing them to link the identification numbers listed in the pay data already provided by the Board to the individual class members who were sent class notice, including the name of each individual, along with their identification number.

## III.    SETTLEMENT APPROVAL AND DISTRIBUTION

7.     Plaintiffs will file a Motion for Preliminary Approval of the Class Action Settlement seeking court approval to notify the Class Settlement Members of the settlement and to set a final fairness hearing.  Plaintiffs will present the motion(s) to the Board to obtain its assent before filing with the Court.

8.     Plaintiffs' Counsel will prepare a Notice of Settlement which shall inform Class Settlement Members that the class settlement will cover all claims raised in this Lawsuit, including late payments claims under the IWPCL and late termination pay claims under the IWPCL. The Notice shall inform Class Settlement Members that, upon Court approval, any and all late payment claims under the IWPCL and late termination pay claims under the IWPCL will be released.  Further, the Notice shall inform Class Settlement Members that uncashed funds will be distributed to a cy pres beneficiary which shall be – in equal amounts – (1) the University of Iowa Tuition Assistance Program and (2) the University of Iowa Health Care and University of Iowa Reimbursement and Reward Program, as decided by the Court.  The content of the Notice shall be in the form attached here as Exhibit A.

9.     In addition, Plaintiffs' Counsel shall prepare a Notice and Opt-in Form which will be mailed out and emailed at the same time as the Notice of Settlement, which shall inform each eligible member of the Overtime Class that the settlement covers the late payment of overtime under the FLSA and that these class members must return an Opt-in Form to receive funds to cover those claims.  Further, the Notice shall inform Class Settlement Members that uncashed funds will be distributed to a cy pres beneficiary which shall be – in equal amounts – (1) the University of Iowa Tuition Assistance Program and (2) the University of Iowa Health Care and University of Iowa Reimbursement and Reward Program, as decided by the Court.  The content of the opt-in form shall be in the form attached here as Exhibit B.

10.    Notification for IWPCL Claims and Opt-In Process for FLSA Claims:

a.  Plaintiffs' Counsel will retain a third-party Class Action Administrator that is agreed to by the Parties to distribute notice to the Class Settlement Members.  The parties intend to utilize Simpluris as the Class Acton Administrator.

b.  Within 14 days of an order granting Plaintiffs' Motion for Preliminary Approval of a Class Action Settlement, Plaintiffs' Counsel shall furnish the Class Action Administrator with the contact information for the Class Settlement Members and the Administrator will send the agreed-to notices of settlement and opt-in form as described above as soon as practicable.

    c.  Class members who are eligible to receive overtime pay under the FLSA shall have 45 days from the date notice is mailed to return their Opt-In Forms.

    d.  The notification process shall utilize both regular mail and electronic mail.

11.    At the end of the 45-day opt-in period, Plaintiffs' Counsel will inform the Board of any opt-ins received. A reminder notice for the FLSA opt-in collective action will be sent 30-days after issuance of the Notification of the Opt-In Process.

12.    Plaintiffs' Counsel shall file the Opt-In forms received with the Court within 14 days after the end of the 45-day opt-in period.

13.    Plaintiffs' Counsel will prepare and file a Motion for Final Approval of the Class Action Settlement prior to the final fairness hearing. Plaintiffs' Counsel will present the motion to the Board prior to filing with the court to obtain the Board's assent. At the hearing on the Motion for Final Approval of the Class Action Settlement Plaintiffs' Counsel, Class Representatives, and the Board shall jointly request the Court enter a final order approving the settlement and enter a final judgment of dismissal with prejudice of the lawsuit consistent with the terms of this settlement.

14.    Within 30 days after the final approval of the settlement by the Court or within 14 days of the conclusion of any appeal, whichever is later, the Board will deposit the Total Settlement Amount ($15,000,000) with the selected Class Action Administrator who shall then use these funds to pay: a) the court-approved attorney's fees to Plaintiffs' Counsel; b) the court-approved service award to Plaintiffs into Plaintiffs' Counsel's trust account; c) all costs incurred in administering this settlement, and d) the individual settlement amounts to be paid to the Class Settlement Members as well as any amounts to the cy pres beneficiary resulting from uncashed checks.

15.    Plaintiffs' claims in the Lawsuit have sought liquidated damages, attorneys' fees, and costs. The Total Settlement Amount shall be reported on an IRS Form 1099 to be issued by the State University of Iowa, and shall not be subject to withholding taxes. Plaintiffs will be issued an IRS Form 1099 with respect to their service awards by the State University of Iowa. Plaintiffs' Counsel will provide W-9 Forms to the State University of Iowa. Plaintiffs, Plaintiffs' Counsel, and Class Settlement Members will assume all responsibility for payment of any taxes, together with any interest and/or penalties due thereon to any state, federal, or local authority.

## IV.    RELEASES AND WAIVERS

16.    Upon completion of the process outlined above, each Class Settlement Member, they shall be deemed to  release the Board, State University of Iowa, University of Iowa Hospitals & Clinics, and the State of Iowa and any subsidiaries, employees, affiliates, divisions, predecessors, successors, officers, and directors thereof, whether or not acting within their official scope (collectively the "Released Parties") for any and all claims at any time, known or unknown, foreseen or unforeseen, through the date of Court approval of the Settlement Agreement related to the timing of payments, including, without limitation, all state, local or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or

any other causes of action of whatever nature for alleged unpaid or delayed overtime wages, deductions, underpayment of wages, nonpayment of or delayed wages or compensation of any type, or any and all other types of compensation, liquidated or other damages (including actual, compensatory, incidental, indirect, consequential, exemplary, punitive,) unpaid costs, penalties, interest, attorneys' fees, costs, expenses, expert costs, rescission, equitable relief, reinstatement, declaratory and/or injunctive relief, restitution or other compensation and relief arising under the IWPCA, FLSA, or any other state, local or federal law relating to the Class Settlement Member's employment at the University of Iowa Hospitals & Clinics (collectively, the "Released Claims").

17.     Each settlement check sent to the Class Settlement Members will also contain the following endorsement, placed on the back of the check:

> By cashing or depositing this check, I agree to release the Iowa Board of Regents, the State of Iowa, the State University of Iowa, and the University of Iowa Hospitals & Clinics from all claims related to the timing of the payment of adjustments and/or overtime pursuant to Iowa state law and the Fair Labor Standards Act that were or could have been asserted in this action, that accrued during my work with the University of Iowa Hospitals & Clinics at any time through Court approval of the Settlement Agreement.

18.     All settlement checks will remain negotiable for 90 days from the date they are issued. At any point prior to the 90-day deadline, Plaintiffs' Counsel and the Class Action Administrator shall have the authority to stop payment on a lost check and issue a new check to a Class Settlement Member upon request, and Plaintiffs' Counsel or the Class Action Administrator may contact Class Settlement Members who have not cashed their checks to obtain updated addresses or remind them to cash their check.

19.     The settlement of claims under the IWPCL for the late payment of wages and late payment of wages upon termination is non-reversionary. At the conclusion of the 90-day check-cashing period, any money remaining from uncashed checks shall be sent to the aforementioned cy pres beneficiary approved by the Court. Funds allotted to the eligible class members' FLSA claims that are not claimed, however, will be returned to the Board. The Board will not receive a release of FLSA claims for those individuals who do not execute Opt-In Forms.

20.     Subject to the Court's approval in the Approval Order, Plaintiffs' Counsel shall request attorneys' fees in an amount not to exceed 22.5 percent of the Total Settlement Amount, which will include their out-of-pocket costs, but not the costs of the Class Action Administrator who shall be paid separately out of the Total Settlement Amount, and which will compensate Plaintiffs' Counsel for all work performed in support of the claims related to work performed in Iowa relevant to the Lawsuit as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the Settlement Agreement, and taking responsibility to    fairly administer and implement the final settlement and dismissal of this lawsuit. If the Court reduces the attorney's fees sought by Plaintiffs' Counsel, any additional amounts will be allocated to the Net Settlement Fund and be distributed on a pro-rata basis to the Class Settlement Members.

21.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Both will use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary or ordered by the Court, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, the Parties will jointly take all necessary steps to secure the Court's approval of this Settlement Agreement and to implement its terms. Neither will discourage participation in this Settlement Agreement.

22.     If the Court does not enter an Order approving this Settlement Agreement, or decides to do so only with material modifications to the terms of the Settlement Agreement, or if the Order is reversed or vacated by an appellate Court, then this Settlement Agreement shall become null and void, unless the Parties agree in writing to modify this Settlement Agreement and the Court approves the modified Settlement Agreement.

## V.     MISCELLANEOUS

23.     This Agreement shall be interpreted and construed in accordance with and shall be governed by the laws of the State of Iowa and, where applicable, the laws of the United States, without regard to conflict of law principles.

24.     If it has not already done so, the Board shall promptly issue notice of this Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

25.     The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

26.     This Settlement Agreement affects the settlement of a *bona fide* dispute regarding whether Plaintiffs can recover liquidated damages under the IWPCL or the FLSA and the amount of any compensation owed. The Board has contested and continues to contest Plaintiffs' and the Class Settlement Members' Claims in good faith and nothing contained herein should be construed as an admission by any party of any liability of any kind. The Board denies the allegations in the Lawsuit, and denies that it engaged in any wrongdoing or violation of law. The Board is entering into this Settlement Agreement because the Settlement will eliminate the burden, risk and expense of further litigation. Neither this Settlement Agreement, the agreement to it, nor the furnishing of the consideration for this Settlement Agreement, shall be deemed or construed at any time for any purpose as an admission of the Board's liability or responsibility for any wrongdoing of any kind.

27.     Except for purposes of settling the Lawsuit and obtaining Court approval of the Settlement Agreement, neither this Settlement Agreement, nor any of its terms, nor any document, statement, proceeding, any action taken to carry out this Settlement Agreement or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be

construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage whatsoever.

28.     This Settlement Agreement and its exhibits set forth the complete agreement between the Parties relating to the settlement and any and all payments or obligations owed by the Board to Plaintiffs, the Class Settlement Members or Plaintiffs' Counsel in connection with the Lawsuit or as to any Released Claims.  The Settlement Agreement constitutes the entire agreement, written and oral, of the Parties, and it supersedes and replaces all prior negotiations, proposed agreements, understandings, representations and agreements, written or oral.  No term, provision or condition of this Settlement Agreement may be modified or waived in any respect except by a writing executed by Plaintiffs and a duly authorized representative of the Board. Except as expressly set forth herein, no person has made any representations or promises on behalf of any of the Parties.  This Settlement Agreement has not been executed in reliance upon any representation or promise except those contained herein.

29.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of Plaintiffs, the Class Settlement Members, and Defendant Iowa Board of Regents.

30.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

31.     The failure of any Party to enforce or to require timely compliance with any term or provision of this Settlement Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall such failure preclude or estop the subsequent enforcement of such term or provision or the enforcement of any subsequent breach.

32.     This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

33.     This Settlement Agreement may be executed in multiple counterparts (including via emailed or DocuSign copies), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

34.     The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals.  The Notice of Settlement as well as the Notice of Opt-in Form will inform all Class Settlement Members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each Class Settlement Member.

**FOR PLAINTIFFS AND THE CLASS SETTLEMENT MEMBERS**

Dated: 10/14/22

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIODAN

Nate Willems
RUSH NICHOLSON, P.C.

**MELINDA MYERS**

_____    Dated: _____
Melinda Myers

**BARBARA STANERSON**

_____    Dated: _____
Barbara Stanerson

**LIV KELLY-SELLNAU**

_____    Dated: _____
Liv Kelly-Sellnau

**SHUNA TOSA**

_____    Dated: _____
Shuna Tosa

**JOHN EIVINS**

_____    Dated: _____
John Eivins

10

**MELINDA MYERS**

_____
Melinda Myers

Dated: 10/12/2022

**BARBARA STANERSON**

_____
Barbara Stanerson

Dated: 10/14/2022

**LIV KELLY-SELLNAU**

_____
Liv Kelly-Sellnau

Dated: 10/13/2022

**SHUNA TOSA**

_____
Shuna Tosa

Dated: _____

**JOHN EIVINS**

_____
John Eivins

Dated: 10/13/2022

**CHRISTOPHER TAYLOR**

_____
Christopher Taylor

Dated: _____

10

**MELINDA MYERS**

_____     Dated: _____

Melinda Myers


**BARBARA STANERSON**

_____     Dated: _____

Barbara Stanerson


**LIV KELLY-SELLNAU**

_____     Dated: _____

Liv Kelly-Sellnau


**SHUNA TOSA**

_Shuna ToSa_____     Dated: 10/13/2022

Shuna Tosa


**JOHN EIVINS**

_____     Dated: _____

John Eivins


**CHRISTOPHER TAYLOR**

_____     Dated: _____

Christopher Taylor

**MELINDA MYERS**

_____          Dated: _____
Melinda Myers

**BARBARA STANERSON**

_____          Dated: _____
Barbara Stanerson

**LIV KELLY-SELLNAU**

_____          Dated: _____
Liv Kelly-Sellnau

**SHUNA TOSA**

_____          Dated: _____
Shuna Tosa

**JOHN EIVINS**

_____          Dated: _____
John Eivins

**CHRISTOPHER TAYLOR**

_____          Dated: 10/12/2022
Christopher Taylor

10

FOR THE IOWA BOARD OF REGENTS

By:

12

# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×∆
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^▫
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON×■
BENJAMIN J. WEBER×▫ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS  02116

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
▫ ADMITTED IN DISTRICT OF COLUMBIA
▫ ADMITTED IN TENNESSEE

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT FOR INDIVIDUALS
WHO HAVE WORKED FOR THE UNIVERSITY OF IOWA HOSPITALS AND
CLINICS ("UIHC") SINCE AUGUST 19, 2017 AS HEALTH CARE PROFESSIONALS
(MEMBERS OF THE SEIU BARGAINING UNIT) OR SINCE OCTOBER 7, 2017 AS
BLUE-COLLAR WORKERS (EMPLOYEES LABELED AS "MERIT, MERIT
EXEMPT, AND NON-EXEMPT P&S" EMPLOYEES).**

We are writing to inform you of a proposed settlement with the Iowa Board of Regents ("BOR") for the allegedly late payment of adjustments (such as overtime and shift differentials) by UIHC and the allegedly late payment of accrued vacation pay or unused accumulated sick leave following termination. You previously received notice about this case because you worked at the UIHC as either a health care professional or a blue-collar worker and were part of one or both of the following classes.

**The Wages Class:** All individuals who have worked for UIHC since August 19, 2017 as members of the SEIU bargaining unit ("health care professional bargaining unit") or October 7, 2017 as a 'Merit, Merit Exempt, and Non-Exempt P&S' employee ("blue collar workers"), respectively, who have not received their earned wages until more than twelve days, excluding Sundays and legal holidays, after the end of the period in which the wages were earned.

**The Termination Class:** All individual members of the SEIU bargaining unit ("health care professional bargaining unit") or "Merit, Merit Exempt, and Non-Exempt P&S" employees ("blue collar workers") who have worked for UIHC since October 7, 2017 and have since terminated their employment who have not been paid accrued vacation pay, or unused accumulated sick leave not to exceed $2,000 where the employee retired at age 55 or older, by the next regular payday after their employment was terminated.

As a result of being a member of one or both of these classes and not having opted-out, you are entitled to receive a portion of the settlement.



# L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

Your estimated share of the settlement is $_____. Below are answers to some questions you may have regarding the proposed settlement and your eligibility to receive money as a result.

### Why am I receiving this Notice?

A class action lawsuit was filed against the BOR in August 2019 that alleged that the BOR violated the Iowa Wage Payment and Collection Law ("IWPCL"), Iowa Code Chapter 91A, and amended in October 2019 to allege further IWPCL violation as well as violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), by failing to pay adjustments (such as for overtime and shift differentials) in a timely manner and failing to pay employees all of their earned wages in a timely manner after they were terminated. The lawsuit is called <u>Myers, et al. v. Iowa Board of Regents</u>, and it is pending in the United States District Court for Southern District of Iowa, Civil Action Number 3:19-cv-00081-SMR-SBJ.

After extensive litigation and mediation, the class representatives (Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa) and the BOR have reached a proposed settlement that covers you and all of the UIHC employees who are included in the above class definition.

The BOR maintains that it does not owe any damages as a result of the manner and timing of its payments to UIHC employees. Without admitting liability, the BOR has agreed to settle the claims asserted in the amended lawsuit to avoid the costs, risk, and disruption of further litigation, for a total payment of fifteen million dollars ($15,000,000).

You are not being sued. Rather, this notice describes the settlement, which is pending final Court approval, and informs you of how to receive your allocated share of the settlement, if you are eligible. This notice provides you with an opportunity to object to such settlement, if you so choose.

You do not need to do anything to receive your allocated share of the settlement.

### What is the Settlement Amount and How Will it be Distributed?

Under the proposed settlement, the BOR will pay $15,000,000 (the "Settlement Amount").

A hearing on the final approval of this settlement is currently scheduled for [INSERT DATE]. Subject to Court approval, up to 22.5 percent of the Settlement Amount ($3,375,000) may be used to pay attorney's fees, expenses, and costs for bringing the lawsuit and litigating on your behalf. Additionally, subject to Court approval, up to a total of $60,000 may be paid from the Settlement Amount to Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins,

# LICHTEN & LISS-RIORDAN, P.C.

Christopher Taylor, and Shuna Tosa to be split evenly as a service award for their work in bringing this lawsuit and servicing as Class Representatives. The remainder of the Settlement Amount will be allocated as follows.

First, individuals who received pay adjustments for working more than 40 hours a week (referred to as "FLSA Settlement Members") and who complete an Opt-In Form will receive a $100 share in settlement of their FLSA claims. Individuals who are eligible for this settlement share will receive a separate notice and must complete an Opt-In Form (as explained in the separate FLSA notice) to claim their $100 share.

Second, $50 will be allocated to individuals who are members of the Termination Class in settlement of claims that earned wages were not timely paid following termination. It is estimated that approximately 5,500 individuals were terminated between August 2017 and the present. .[1]

Third, the remaining Net Settlement Amount will be distributed to UIHC employees who are members of the Wages Class as described above on a pro rata basis based on how much in adjustments you received from the BOR during the relevant time period. For health care professionals (members of the SEIU bargaining unit), the relevant time period is from August 19, 2017 to approximately November 1, 2020 (when UIHC changed the way it pays adjustments). For blue-collar workers (employees labeled as "Merit, Merit Exempt, and Non-Exempt P&S" employees), the relevant time period is from October 7, 2017 to approximately November 1, 2020.

This is a non-reversionary settlement meaning that the entire Net Settlement Fund will be allocated to class members. In the event that a settlement class member is issued a check, but does not cash it, the uncashed funds will be distributed – in equal amounts – to (1) the University of Iowa Tuition Assistance Program and (2) the University of Iowa Health Care and University of Iowa Reimbursement and Reward Program, the Court-approved cy pres beneficiaries.

We strongly believe that this is a favorable settlement and will constitute a significant percentage of the actual damages that you may have incurred as a result of the BOR's adjustments payment policy.

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against the BOR and, unless you specifically exclude yourself from the settlement as described below, you will fully release and discharge the BOR, State University of Iowa, UIHC,

---

[1] In a ruling dated March 29, 2022, the District Court held that Plaintiffs had failed to establish that any earned wages were actually paid late following termination or that liquidated damages were available even if there was a late payment, thereby casting doubt on the viability of the Termination Class' claims.

# LICHTEN & LISS-RIORDAN, P.C.

and the State of Iowa from any and all claims that are asserted in the lawsuit under the IWPCL. When claims are released, that means that a person covered by the release cannot sue for any of the claims covered in the release. The claims that you are releasing are related to the timing of payment of pay adjustments and termination pay.

You should be aware that Iowa and federal law prohibits any retaliation against any individual that participates in this type of litigation or who elects to take a settlement distribution and the BOR has made assurances that it encourages all members of the Settlement Class to cash their settlement checks without any fear of retaliation.

### What are my Options?

You can participate in the settlement and receive your payment. To receive your portion of the settlement you do not need to do anything. You will receive your payment if the Court grants final approval to the settlement.

If you do not want to accept the settlement, you have the right to object to the fairness of this settlement. To do so, you must file your written objection with our office as soon as possible, but at least [**45 days after mailing date**]. Your written objection must set forth any legal or factual arguments supporting the objections. We will file your objection with the Court before the final approval hearing.

There will be a court hearing on [INSERT DATE], to be held at the United States District Court for the Southern District of Iowa located at 123 East Walnut Street, Des Moines, IA 50309, at which time the Court will decide whether to grant final approval of the settlement. You are free to attend this hearing, and if the Court permits, voice any objection you may have.

If the settlement is approved by the Court, we expect that all Class Members will receive settlement payments on approximately [INSERT DATE]. Please note that since the settlement amount may be taxable, you should contact a tax advisor with any questions regarding that issue.

If you do not cash your settlement check, you will remain a member of the Settlement Class, and therefore will still release all claims related to the payment of adjustments by the BOR.

### Who are the Attorneys Representing Plaintiffs and the Class Members?

Plaintiffs and the Settlement Members are represented by the following attorneys:

| | |
|---|---|
| Harold Lichten | Nate Willems |
| Benjamin J. Weber | **RUSH & NICHOLSON, P.L.C.** |
| Stephen Kirkpatrick (Administrator) | P.O. Box 637 |
| **LICHTEN & LISS-RIORDAN, P.C.** | Cedar Rapids, Iowa 52406 |

# LICHTEN & LISS-RIORDAN, P.C.

729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
bjweber@llrlaw.com
skirkpatrick@llrlaw.com
Website: www.llrlaw.com

Telephone: (319) 365-5209
Facsimile: (319) 363-6664
nate@rushnicholson.com

If you have any questions about the case, please feel free to contact our class action administrator Stephen Kirkpatrick, at 617-994-5800, or you can email Stephen at skirkpatrick@llrlaw.com.

If you have any questions about the FLSA Settlement or filing your opt-in form, please contact the third-party class action administration ****.

Sincerely,

Harold Lichten

# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×△◊
SARAH SCHALMAN-BERGEN∎
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×△
MICHELLE CASSORLA×^▫
ZACHARY RUBIN×◊^∎
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON×∎
BENJAMIN J. WEBER×▫ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
△ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
∎ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
◆ ADMITTED IN CONNECTICUT
▫ ADMITTED IN DISTRICT OF COLUMBIA
▫ ADMITTED IN TENNESSEE

## ADDITIONAL NOTICE OF PROPOSED SETTLEMENT OF FLSA CLAIMS FOR BLUE COLLAR UIHC EMPLOYEES WHO RECEVIED ADJUSTMENTS FOR OVERTIME PAY PURSUANT TO THE FLSA

As part of the Class Action Settlement described in the separate notice, the Parties are further seeking the Court's approval of a settlement of FLSA claims for those blue collar workers employed by the UIHC and who received pay adjustments for overtime pursuant to the Fair Labor Standards Act ("FLSA") between January 2017 and November 2020. You have been identified as a UIHC employee who was eligible to receive overtime pay pursuant to the FLSA and received overtime pay adjustments during the relevant time period.

You will automatically receive your share(s) of the Class Action Settlement for being a member of the Wages Class and/or Termination Class as described in the other notice and you do not need to do anything to receive those share(s).

The Parties have set aside additional funds to provide each individual who received overtime pay adjustments within the relevant time period with an additional $100 each in settlement of their FLSA claims. **To receive this additional compensation, you must complete the enclosed Opt-In Form and return it to the third-party administrator by either regular mail, fax, or email.** If you submit the Claim Form, you will receive an additional $100 in your settlement share check and you will fully release and discharge the BOR from any claims that are asserted under the FLSA.

If you do not submit a Claim Form, you will receive your share of the larger settlement, but you will not receive an additional $100.

### What Are my Options?

You can participate in the FLSA portion of the settlement by submitting a Claim Form. To do so, follow the directions below. If you do not submit a Claim Form, you will not be part of the FLSA part of the settlement and you will not receive a $100 FLSA share, and you will not release your FLSA claims against the BOR.

**EXHIBIT**

B

LICHTEN & LISS-RIORDAN, P.C.

To participate in the FLSA portion of the settlement and receive your additional payment, on or before [45 days from mailing] complete and mail, fax, or email the Claim Form to:

\*\*\*\*\*

**Who are the Attorneys Representing Plaintiffs and the Class Members?**

Plaintiffs and the Settlement Members are represented by the following attorneys:

Harold Lichten
Benjamin J. Weber
Stephen Kirkpatrick (Administrator)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
bjweber@llrlaw.com
skirkpatrick@llrlaw.com
Website: www.llrlaw.com

Nate Willems
**RUSH & NICHOLSON, P.L.C.**
P.O. Box 637
Cedar Rapids, Iowa 52406
Telephone: (319) 365-5209
Facsimile: (319) 363-6664
nate@rushnicholson.com

We strongly believe that this is a favorable settlement and will constitute a significant percentage of actual damages that you may have incurred. There is always a risk that Plaintiffs would not prevail in this litigation and, given that calculation of individual damages may be difficult, we believe the settlement is fair and reasonable and is favorable to you and the other Iowa Settlement Collective Members.

If you need more information or have any questions about filing your Opt-In Form, please contact the Class Action Administrator, \*\*\*\*\*.

If you have general questions about the case, feel free to contact Plaintiffs' counsel through Steven Kirkpatrick at (617) 994-5800 or skirkpatrick@llrlaw.com.

**PLEASE DO NOT CONTACT THE COURT**

## OPT-IN CONSENT FORM AND INDIVIDUAL RELEASE

To claim your share of the FLSA Settlement of the lawsuit <u>Myers, et al. v. Iowa Board of Regents</u>, 3:19-cv-00081-SMR-SBJ (S.D. Ia.), you must Opt-In to the case by submitting this form to the Class Action Administrator at the address listed below.  By signing the Opt-In Form, you also agree to the Release of Claims described below.

Opt-In forms may be submitted by mail, fax, or email, but in all circumstances must contain your original signature.  All members of the Settlement Class must return the form by [45 days after mailing] in order to claim a share of the settlement proceeds.

You will receive your share of the Class Action Settlement for being a member of the Wages Class and/or Termination Class regardless of whether you submit this Claim Form.  If you submit this Claim Form you will receive an additional $100.  To qualify for your share of the settlement, you must agree to the following conditions by signing on the following page and submitting the signed form by mail, fax, or email to:

Class Action Administrator
********

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I understand that this lawsuit brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

2.      I have worked for University of Iowa Hospitals and Clinics and received pay adjustments for working overtime when I worked more than 40 hours in a week from January 8, 2017 to present.

3.      I hereby designate the law firms of Lichten & Liss-Riordan, P.C., at 729 Boylston Street, Suite 2000, Boston, Massachusetts, 02116; and Rush & Nicholson, P.L.C., 115 First Avenue SE, Suite 201, P.O. Box 637, Cedar Rapids, Iowa 52406-0637 (Plaintiffs' Counsel), to represent me for all purposes in this action.

4.      I also designate the named plaintiffs in this action, the collective action representative(s), as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

## RELEASE OF CLAIMS

By opting-in to this case, I and all of my agents, representatives, attorneys, insurers, successors and assigns and all entities in which I have or claim an interest hereby release the Iowa Board of Regents, State University of Iowa, University of Iowa Hospitals & Clinics, and the State of Iowa and any past, present, and future subsidiaries, employees, affiliates, divisions, predecessors, successors, officers, and directors for any and all claims at any time, known or unknown, foreseen or unforeseen, through the date of Court approval of the Settlement Agreement related to the alleged late payment of overtime pay and release the Iowa Board of Regents, State University of Iowa, University of Iowa Hospitals & Clinics, and the State of Iowa from all claims arising from the Fair Labor Standards Act in addition to the release of all claims covered by the Settlement.

I understand that the settlement proceeds that I will receive may be taxable.

Signature: _____ Date: _____

Name: _____ Social Security No.: _____

Address: _____

_____

Telephone: _____ E-Mail: _____