IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| MELINDA MYERS, BARBARA STANERSON, JOHN EIVINS, LIV KELLY-SELLNAU, CHRISTOPHER TAYLOR, and SHUNA TOSA, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IOWA BOARD OF REGENTS, <br><br> Defendant. | Case No. 3:19-cv-00081-SMR-SBJ <br><br> ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |

Before the Court is a Motion for Final Approval of a Class Settlement. [ECF No. 101]. The above-captioned parties have proposed a class and collective action settlement in this case which the Court has determined is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court specifically finds:

1) The Notice to the Settlement Class Members conforms with the Preliminary Approval Order, was reasonably calculated to provide actual notice to the class members, and satisfies due process and other applicable law.

2) The terms set forth in the Settlement Agreement are fair, reasonable, and adequate in light of the recovery obtained in litigating the claims brought in this lawsuit and the relief provided to the class members under the Settlement Agreement is appropriate as to the individual members of the classes and as a whole to each of the classes.

3) The terms of the Settlement Agreement, the total settlement amount of $15,000,000, and the distribution of funds as described in the Settlement Agreement and the motion for final settlement approval are appropriate under existing law.

4) The proposed service payments of $10,000.00 to Plaintiffs Melinda Myers, Barbara Stanerson, Liv Kelly-Sellnau, John Eivins, Christopher Taylor, and Shuna Tosa, for a total of $60,000 are approved as reasonable and authorized under current law.

5) The proposed attorneys' fees and costs in the amount of 22.5 percent of the total settlement amount (a total of $3,375,000) are approved.

6) The proposed *cy pres* beneficiaries identified in the Settlement Agreement and the distribution of *cy pres* funds as described in the Plaintiffs' Motion for Final Settlement Approval are approved.

7) Plaintiffs shall file with the Court a report attesting to compliance with the provisions of this Order and a final accounting for the distribution of the Settlement Fund within 30 days of completing all payments.

8) Pursuant to the terms of the Settlement Agreement and effective upon the Court's approval of the parties' final accounting of performance of the settlement agreement, Plaintiffs and each and every member of the Wages Class and Termination Class, and each and every member of the Overtime Class who has opted-in to the class (collectively, the "Class Settlement Members"), shall be deemed to have released the Board, State University of Iowa, University of Iowa Hospitals & Clinics, and the State of Iowa and any subsidiaries, employees, affiliates, divisions, predecessors, successors, officers, and directors thereof, whether or not acting within their official scope (collectively the "Released Parties") for any and all claims at any time, known or unknown, foreseen or unforeseen, through the date of Court approval of the Settlement

Agreement, related to the timing of payments, including, without limitation, all state, local or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or any other causes of action of whatever nature for alleged unpaid or delayed overtime wages, deductions, underpayment of wages, nonpayment of or delayed wages or compensation of any type, or any and all other types of compensation, liquidated or other damages (including actual, compensatory, incidental, indirect, consequential, exemplary, punitive) unpaid costs, penalties, interest, attorneys' fees, costs, expenses, expert costs, rescission, equitable relief, reinstatement, declaratory and/or injunctive relief, restitution or other compensation and relief arising under the IWPCA, FLSA, or any other state, local or federal law relating to the Class Settlement Member's employment at the University of Iowa Hospitals & Clinics (collectively, the "Released Claims").

9) Plaintiffs and the Class Settlement Members, and any person actually or purportedly acting on behalf of Plaintiffs or any Class Settlement Members, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and the Court's authority to effectuate the Agreement, and is ordered to aid the Court's jurisdiction and to protect its judgments.

10) Neither the Settlement Agreement, nor any payments made pursuant to the Settlement Agreement, shall be deemed or construed to be an admission of any liability or wrongdoing by the Released Parties.  Except for purposes of implementing or enforcing the terms of the Settlement

Agreement, evidence relating to the Settlement Agreement will not be used adversely to the Released Parties in any proceeding.

11) The Court shall retain continuing jurisdiction over this matter and the parties, including the Class Settlement Members, for purposes of overseeing the implementation and enforcement of the Settlement Agreement and this Order. The retention of jurisdiction does not affect the finality of this Order in any way.

12) The Clerk of Court shall enter Judgment dismissing this action with prejudice, binding each Class Member who did not opt out to the terms of the Settlement Agreement and Release and reserving jurisdiction in this Court over the implementation of the Settlement Agreement and Release, including enforcement and administration of that Agreement.

Plaintiffs' Motion for Final Settlement Approval is hereby GRANTED. [ECF No. 101]. This case is dismissed with prejudice, with all parties waiving all rights of appeal and bearing their own costs.

IT IS SO ORDERED.

Dated this 6th day of September, 2023.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT